**BLUE et ux. v. HOLMAN. (No. 2647.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 12, 1922. Rehearing Denied Dec. 14, 1922.)

1. Bastards ⊕⇒15 — Custody of illegitimate child properly awarded to mother.

Where an illegitimate child was born before its mother was fully grown, and turned over to others in whose custody the child remained for several months, in a proceeding by the mother to obtain custody, where the evidence showed that she, though unmarried, lived with her mother who owned a home, and that she worked regularly and was a member of a church, notwithstanding that those who had custody of the child were honest, moral, and respectable, awarding custody to her was proper.

2. Bastards ⊕⇒15—Welfare of child is paramount in question of custody.

In controversies over the custody of a bastard child, its welfare is the paramount question.

Appeal from District Court, Harrison County; P. I. Beard, Judge.

Suit by Bessie Holman against Wiley Blue and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Cary M. Abney, of Marshall, for appellants.

Hall, Brown & Hall, of Marshall, for appellee.

HODGES, J. This suit involves a controversy concerning the custody of a child. The facts show that the parties are all colored people. The child is illegitimate and was born before the appellee, its mother, was fully grown. At the time of this suit it was about four years old. In the fall of 1921, Bessie Holman, the appellee, was persuaded by a friend to deliver the child to the appellants; she also at that time agreed to execute papers to complete a statutory adoption. The papers were prepared, but never signed by Bessie Holman, but the child remained in the custody of the appellants for several months. The mother demanded its return to her, and upon the refusal of the appellants she instituted this proceeding to secure its custody.

[1, 2] The trial below was before the court, and apparently the only question presented was the relative fitness of the parties to provide for the future welfare of the child. The evidence showed that the appellants, Wiley Blue and his wife, were honest, moral, and respectable colored people and members of a Baptist Church; they were willing to adopt the child, and were able to provide it a good home. The appellee is unmarried and lives with her mother, who owns a home. Appellee works regularly and earns about $7 per week. She and her mother are members of the African Methodist Church. The appellee loves her child and wants it custody. There was some testimony tending to impeach her moral character. The court, however, after taking all the circumstances into consideration, awarded the custody of the child to its mother. In the attack on the judgment in this appeal the argument is made that the trial court was influenced by sentiment and overlooked the welfare of the

child. The trial judge had all the parties before him. He could discern many details that cannot be brought to this court in the record. We are not able to say that the evidence required a different judgment. It is true the welfare of the child is the paramount question in such controversies. It is also true that in this instance the mother had sinned—but then she was little more than a child herself. It might be harsh to conclude that as she grew older and wiser she would not also grow better. There is a tenderness in the attention which a mother can give a child that is as much a normal need as are food and clothing. The mother is the divinely appointed custodian of her child. Courts should be sure that such an appointment is a mistake, or that its privileges have been abused and forfeited, before they remove her.

The judgment is affirmed.