## LUMAN v. LUMAN.

### No. 6510.

Court of Civil Appeals of Texas.
Texarkana.

June 1, 1950.

Rehearing Denied June 22, 1950.

Ben Goodwin, Tyler, Thomas L. Lowry, Tyler, for appellant.

Alex P. Pope, Tyler, for appellee.

HALL, Justice.

This appeal arises out of a suit for divorce filed by appellee against appellant. The custody of two minor children, girls, ages two and three years, is involved.

In the trial below the court granted appellee a divorce and awarded the custody of the two minor children to appellee's mother and father, with the right of visitation of both parents. Appellee did not ask for the care and custody of the two minor children. However, appellant very strenuously urges his parental right to their custody as against their maternal grandparents. No appeal is taken from the portion of the judgment awarding the divorce but only as respects the disposition of the two children.

Appellant by his point one asserts that the trial court erred in placing the children with the maternal grandparents rather than with him, the father. And by point three, that the court erred in relying on and using information furnished him by the City-County Welfare Unit.

The court in his findings of fact states: "Under all the facts and circumstances, the court finds that the defendant (appellant) is not a suitable and proper person to have the supervision and the rearing of these two little girls, and it would not be to their best interest and welfare to award them to him and place them in the home, for the time being, at least, with defendant's mother and father."

The court also found that appellant "is an immature person addicted to drinking some, was arrested in Gladewater for drunkenness and placed in jail, arrested for driving without driver's license and no headlights. The divorce having been granted he is now unmarried, has no fixed home, but presently making his home with his mother and father, where the children will be taken if awarded to defendant" (appellant). The trial court found that appellant's mother and father were substantial people, members of the church, and were able and willing to care for the two minor children; that they had a six room home; that appellant's father was sixty years of age; that his mother was fifty years of age, and that they had raised a rather large family of their own. The court also found that appellee's mother and father were substantial people, although they were living in a small house which they were buying; that they were making improvements to their home by adding several rooms thereto and that appellee's father was earning about $500.00 a month as a truck driver.

It is clearly the law of this state that the natural parents have the paramount right to the care and custody of their minor children unless it affirmatively appears from the testimony that they are not suitable persons to have such care, and the burden of proof is with the party asserting the disqualification of the parent to establish such fact. The evidence must be clear and convincing and present a solid and substantial ground to authorize the courts to "sever the hallowed ties mutually existing" between a child and its parent. Stutts v.

Stutts, Tex.Civ.App., 177 S.W.2d 294, 295; State ex rel. Wood v. Deaton, 93 Tex. 243; 54 S.W. 901; Binion v. Mathis, Tex.Civ. App., 171 S.W.2d 512, writ refused.

The facts show that the defendant is a young man 22 years of age, that he volunteered, a few months before his last child was born, in the armed service of the United States where he remained over two years, during which time appellee received the sum of $100.00 per month for support from the federal government. The further facts show that appellant paid a fine for drunkenness on one occasion and was arrested for driving a car without driver's license and without headlights. If nothing more than the above outlined testimony, derogatory to appellant's character, was offered here we would be forced to reverse this judgment. But the trial court had before him a report and investigation by the Tyler-Smith County Welfare Unit which he considered in connection with the disposition of the minors. His action in this regard is made the basis of appellant's third point. Appellant argues very forcefully that the trial court wrongfully considered the report of the Tyler-Smith County Welfare Unit and cites at least two cases which would sustain his position if he had interposed an objection to the consideration by the court of said report, and his contention in his brief seems to be that the report of the welfare unit was considered by the court over his objection. With respect to this phase of the case the trial court found: "The court had before it, and the benefit of a confidential report and investigation by the Tyler-Smith County Welfare Unit which report contains the family composition of the Humbles (maternal grandparents) and the two children of plaintiff and defendant, physical environment of the Humbles' home and of the maternal grandmother and grandfather, attitude of both maternal grandparents and relationship with the two children; also a complete report of the defendant (appellant), his father and mother's home, *which report was made and filed at the request of and with the knowledge and consent of plaintiff and defendant through their respective attorneys of record, for the purpose of aiding*

*the court in evaluating the testimony given on the trial of this cause and determining what would be for the best interest and welfare of these two children in regard to the awarding of their custody and care. This report was made and filed with the court before the trial of this cause.* The record in this case does not clearly show that the defendant volunteered when he entered the army but the investigator's report does so show, and I think the court can take judicial knowledge of the fact that married men with children were not being inducted in the year 1947. Also the court has looked to the report in finding the ages of Mr. and Mrs. Humbles, as there is not any testimony given on the trial of this case as to their ages. *However, the court's judgment was rendered upon the testimony given in this case, looking to the investigation only to aid him in some things that were not fully developed on the trial of this case."*

■ There is nothing in the statement of facts showing what the welfare report contained. In fact it was not introduced in evidence, but the trial court, as shown by the finding set out above, states that the *"report was made and filed at the request of and with the knowledge and consent of plaintiff and defendant, through their respective attorneys of record, for the purpose of aiding the court in evaluating the testimony given on the trial of this case and determining what would be for the best interest and welfare of these two children in regard to awarding of their custody and care."* (All italics ours.) If this is true, and coming from the trial court we must take it as true, the appellant was a party to the very action of the trial court which he now attacks. We have no way of knowing what the report contained, and the appellant says he did not know what it contained until after the judgment was rendered. The facts in this case, in our opinion, are somewhat similar to the facts in Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988. In that case the trial court with the knowledge and consent of the appellant had the Juvenile Officer of Dallas County make investigation of the parties

to the suit, in that case the mother and father, which report was submitted to the trial court and considered by him in making his award of the care and custody of the minor. In passing upon such action by the trial court, the court of civil appeals has this to say: "The habeas corpus proceedings had for their purpose the determination of the proper person to whom the custody of the minor child should be given. The proceedings are necessarily informal. It is the right and duty of the trial court to ascertain any and all the facts and to make such investigation of conditions which in his judgment will assist him in reaching a proper solution of the child's problems. Technical rules of practice are not to have controlling effect. The controlling issue on the merits is which custodian is for the child's best interest. The pleadings in such cases are considered of little importance, and the judge exercising the jurisdiction of a chancellor has broad equitable powers," citing cases.

So, when we take into consideration the evidence shown in the record detrimental to the character of appellant, together with what other facts unknown to us which the court considered and which were contained in the welfare unit's report to him, we are unable to state that the court's judgment presents error. Certainly the trial court's action in receiving the welfare unit's report at the request and with the knowledge and consent of both parties does not present error. The most important thing to be determined in a case of this character is which of the homes offered to the minors will be best for them, taking into consideration all the facts and circumstances in evidence. As has been said many times by the courts of this state, the trial court sits as a chancellor exercising broad equitable powers and it becomes his duty to determine what is the best interest of the children under the circumstances before him. At best, the chancellor's job is a hard one and calls for clear and sober thinking and action on his part. It is hard to take from a parent one of his own children but oftentimes the circumstances are such that the best interests of the child require it. We are unable to state that the trial court erred in rendering the judgment he did.

What we have said disposes of all points advanced by appellant.

The judgment of the trial court is affirmed.