MANUEL DE LLANO, ET UX v. ALFREDO A. MORAN.

No. A-7347. Decided February 24, 1960.
Rehearing Overruled April 6, 1960.
(333 S.W. 2d Series 359)

*Hall and Hall,* of Laredo, *Bobbitt, Brite & Bobbitt,* of San Antonio, for petitioners.

On the questions that the Court of Civil Appeals disregarded the rule that the welfare and best interest of the child must be given paramount consideration; that the Court of Civil Appeals erred in holding that the district court abused its discretion in awarding the child to petitioners, and in substituting its judgment for that of the trial court, and in holding that the

findings of fact did not support the judgment of the trial court. Taylor v. Meek, 154 Texas 305, 276 S.W. 2d 787; State v. Deaton, 93 Texas 743, 54 S.W. 901; Kollenberg v. Kollenberg, 273 S.W. 2d 660, error dismissed.

*Richard Morales,* of Laredo, and *Arthur Mitchell,* of Austin, for respondents.

In response cited State ex rel Wood v. Deaton, 93 Texas 243, 54 S.W. 901; DeWitt v. Brooks 143 Texas 122, 182 S.W. 2d 687; Ellis v. Stuckey, 260 S.W. 953.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a suit for permanent custody of Sandra Judith Moran, a girl two years of age. Her mother, Inez A. De Llano Moran, was killed in an automobile and freight train collision in the early hours of January 1, 1958. Alfred A. Moran, the husband of Inez and the father of Sandra, was driving the automobile at the time and was seriously injured in the collision. About six weeks later petitioners, who are Sandra's maternal grandparents, instituted this suit against the father and the paternal grandparents of the minor, seeking a writ of habeas corpus and praying that permanent custody be awarded to petitioners. The father will be referred to herein as respondent. After a hearing the trial court awarded permanent care, custody and control of the child to petitioners. The Court of Civil Appeals reversed and rendered, holding that the findings of fact concerning respondent's fitness do not support the judgment entered and that the trial court abused its discretion in taking the child from the father and awarding its custody to petitioners. 323 S.W. 2d 184.

1 The trial court's conclusions with reference to the father which are denominated findings of fact are largely evidentiary in nature. These are set out in the opinion of the Court of Civil Appeals and will not be repeated here. The so-called conclusions of law are, however, prefaced by the following statement: "The court having found as a fact that the father of Sandra Judith Moran is at this time not qualified to have the custody and control of Sandra Judith Moran * * *." This recital, dealing as it does with one of the ultimate and determinative fact questions in the case, is not to be disregarded simply because it appears in the conclusions of law. See McAshan v. Cavitt, 149 Texas 147, 229 S.W. 2d 1016. In our opinion it is not merely an attempt by the trial judge to state the legal effect of his other

findings. Where findings of fact are subject to more than one reasonable construction, they should be given that meaning which will support the action of the court as expressed in the judgment rendered thereon. See Elder, Dempsted & Co. v. Weld-Neville Cotton Co., Com. App., 231 S.W. 102. In the judgment which had previously been entered in this case, the court expressly found that respondent is not a fiit person to have the care, custody and control of his child. The above mentioned recital evidently has reference to this finding and in effect confirms and reiterates the same. It must be construed, therefore, as an independent finding that respondent is unfit to have custody of the child, and when so interpreted is clearly sufficient to support the judgment in so far as that question is concerned.

**2** There is no contention that the findings of the trial court are deficient in any other respect, or that petitioners are not suitable persons to care for and rear the child, or that the trial court abused its discretion in not awarding custody to the paternal grandparents. The only remaining question then is whether the conclusion that the respondent is not a suitable person has reasonable support in the evidence. As indicated by the findings of fact quoted in the opinion of the Court of Civil Appeals, respondent was twenty years of age at the time of the marriage and was twenty-two when this proceeding was instituted. He is inclined to be improvident and apparently has never developed a mature sense of his responsibilities either as a husband or a father. Unless there is an increase in his earnings, he will not be able to provide a home for the child. Although his father already supports some eight people on an income of about $500.00 a month, respondent expects his parents to rear the child for him and contribute to her support. We agree with the Court of Civil Appeals that these circumstances in themselves do not show that respondent is unfit to be entrusted with the custody and care of his daughter, but they are not all of the facts disclosed by this record.

Considering the other evidence which tends to support the ultimate finding mentioned above, it appears that throughout his marriage respondent drank to excess and frequently came home drunk. Although he drove very fast and ran through red traffic lights on at least one occasion when drunk, he thought that he held his liquor well and that he was capable of driving after having had eight or ten bottles of beer. It was after having had a number of mixed drinks and several bottles of beer that he ran into the side of a freight train at a public crossing without ever seeing the train. This was the accident in which his

wife lost her life. He often promised to stop drinking but did not keep his promises. Following his marriage, respondent visited the red light district of Nuevo Laredo a number of times. He regards this behavior as natural. He also stayed out late at night without letting his wife know where he was, and on one occasion left her and the child for a period of over two months. There is also evidence from which the trial judge could have concluded that respondent beat his wife because she undertook to answer him in an argument. Several witnesses testified to having seen her with a black eye and bruises on various parts of her body.

The Court of Civil Appeals evidently gave considerable weight to respondent's testimony indicated that there has been a change in his attitude and behavior since the death of his wife. The trial court was not required to believe such evidence, however, because the hearing occurred less than three months after the accident. A person's conduct during so brief a period affords no basis for saying with any assurance that there has been a permanent change in his character and habits. On the other hand, as pointed out in Anderson v. Martin, Texas Civ. App., 257 S.W. 2d 347 (wr. ref. n.r.e), "an adult person's future conduct may well be measured by his recent deliberate past conduct as it may be related to the same or a similar situation." If respondent continues to behave as he did during the marriage, and the trial court was entitled to conclude from the evidence that he will, it is reasonable to believe that he will not give his daughter the affection, care and guidance that are essential to her physical, mental and moral development or provide for her necessities and comforts of life commensurate with her needs and his ability and means. We hold that the evidence in this record supports the finding mentioned above and that the trial court did not abuse its discretion in awarding custody and control of the child to petitioners.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered February 24, 1960.

Rehearing overruled April 6, 1960.