**Patricia Ann CALHOUN, Appellant,**

v.

**P. H. RUFFER, Sr., et al., Appellees.**

**No. 68.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 28, 1968.

D. L. McClure, Jim Brannon, Houston, for appellant.

J. Edwin Smith, Hollis Cordray, Smith, Cordray & Vickers, Houston, for appellees.

BARRON, Justice.

This is a civil habeas corpus proceeding filed by petitioner, Patricia Ann Calhoun, natural mother of three minor children, against Philip H. Ruffer, Jr. and wife, Lennie Ruffer, for care, custody and control of the minor children, Robert Gary Ruffer, Jr., age seven; Jessie Leonard Ruffer, age six; and Susan Denice Ruffer, age three. The children, at the time of the filing of this action, were in the actual care, custody and control of the respondents, Mr. and

Mrs. Ruffer. Suit was filed by Patricia Ann Calhoun (or Patricia Ann Ruffer) about twelve hours after the death of R. G. Ruffer, the children's father and the former husband of petitioner, who was fatally injured in an industrial accident on July 7, 1967. For about eighteen months prior to his death, the father had legal custody of the children.

The trial court, without a jury, at the conclusion of the testimony rendered judgment denying the writ of habeas corpus filed by petitioner, appellant here. The court awarded the care, custody and control of the minor children to respondents, Philip H. Ruffer, Jr. and his wife, Lennie Ruffer, and adjudged that Patricia Ann Calhoun was not a proper person to have the care, custody and control of the children. From the judgment of the trial court, appellant has perfected her appeal to this court.

In a suit brought by the natural father of the children, R. G. Ruffer, under date of April 22, 1966, the father was awarded the care, custody and control of the three minor children as against the mother, Patricia Ann, by Honorable Arthur C. Lesher, Jr., the same judge who entered the judgment on habeas corpus in the present proceedings. On Christmas day, 1965, appellant left her children and her husband without giving them any explanation for leaving. About thirty-five days later, on February 1, 1966, appellant moved into a house with Don Calhoun on Eagle Pass Street in the City of Houston. Appellant and Calhoun shared this house with another unmarried couple. The house was next door to the house occupied by appellant's husband, her children, and her mother. After appellant deserted them, her mother had gone there to help her husband look after the children.

The husband filed suit for divorce against appellant on February 11, 1966, asking in the suit that he be awarded the custody of the children pending and upon final judgment. Appellant executed a waiver to the divorce action, and in the waiver she, under oath, knowingly gave false information concerning her address. During the divorce proceedings she made no effort to obtain custody of the children. During the pendency of the divorce action and while she was still married to Ruffer, appellant was having improper relations with Don Calhoun in the house in which they lived, next door to the house in which her children, husband and mother lived. Calhoun saw nothing wrong with this. Her mother disapproved of her actions and never visited the house where appellant lived with Calhoun, though it was right next door. Although appellant claimed that she and Calhoun had entered into a common-law relationship as man and wife, the claim was not made until the date of the trial; and she stated that she was advised that a common-law marriage was legal on the day of the trial. Calhoun was not present at the trial and his version of the claimed common-law relation was not shown. Appellant and Calhoun did, however, fabricate in minute detail a purported ceremonial marriage, and each of them, in an attempt to carry out the fabrication, knowingly perjured themselves in answer to numerous questions in depositions in this cause. At the trial, appellant admitted her perjury concerning their alleged marriage and admitted that she and Calhoun had never been married. Appellant's mother testified that appellant visited with the children only four or five times during the five months she lived next door to them. Appellant and Calhoun have never seen fit to be married ceremonially.

Concerning the qualifications of P. H. Ruffer, Jr., and his wife, Lennie Ruffer, to whom care, custody and control of the children was granted by the trial court, Mr. Ruffer is a paternal uncle of the children. He and his wife have been married for thirteen years. For nine years he has been regularly employed by the City of Houston as an electrician. He served honorably in the U. S. Air Force in the Korean War. They own their home and have one

daughter ten years of age. They are willing and able to support and care for the children whose custody is in issue. They own a three-bedroom home in addition to a kitchen, dining room and living room about a block and a half from the school the children attend and near Green Valley Park where there is a children's playground. They work with the Y.W.C.A. and send their daughter there for additional training and recreation. While the children at issue have been with appellees, they have been given good moral and religious training and opportunities. Appellees recognize their obligations to supervise the children, discipline them and give them moral guidance, training and education. It is clear that Mr. and Mrs. Ruffer love the children, and we believe they are able, ready and willing to do their best for them. While Mr. Ruffer's age was 39 at the time of trial and his wife's age was 51, the couple have always gotten along well, and the proper inference is that they are well adjusted and maintain a decent, respectable home.

 On the basis of the evidence summarized above, the trial court found and decreed that appellant was not a proper person to have the custody of the minor children and that the best interests of the children required that they remain in the custody of appellees, Philip H. Ruffer, Jr. and wife, Lennie Ruffer. Consequently, the basic issue before this court is whether the evidence supports such findings, for a parent's original right to custody must yield to the best interests of the children, and particularly so when the parent is not a proper person to have the children. Rice v. Rice, 21 Tex. 58; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 168, 116 A.L.R. 1293; Bough v. Bough, 263 S.W.2d 573 (Tex.Civ.App.), no writ hist. There is a presumption that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the natural parent be proven to be disqualified by immorality or misfortune. Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ.

App.), no writ history; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Speer's Marital Rights in Texas (4th Ed.), Sec. 117. If the best interests of the children required that the natural parent be deprived of custody, the trial court in its broad discretion in such matters may do so. Greenlaw v. Dilworth, 299 S.W. 875 (Tex. Com.App.); Tavares v. Tavares, 207 S.W. 2d 916 (Tex.Civ.App.), writ ref., n. r. e.; Luman v. Luman, 231 S.W.2d 555 (Tex. Civ.App.), no writ hist. The evidence must be clear and convincing to authorize a court to grant custody of children to someone else, as against the claim of a natural parent. Luman v. Luman, supra; Binion v. Mathis, 171 S.W.2d 512 (Tex.Civ.App.), no writ hist.

The evidence in the record authorized the trial court to measure appellant's future conduct by her recent past conduct in deserting her children for an adulterous relationship and in giving perjured testimony in the present proceeding. In De Llano v. Moran, 160 Tex. 490, 333 S.W.2d 359, 361 (Tex.Sup.), it was said:

"On the other hand, as pointed out in Anderson v. Martin, Tex.Civ.App., 257 S. W.2d 347, 356 (wr. ref., n. r. e.), 'an adult person's future conduct may well be measured by his recent deliberate past conduct as it may be related to the same or a similar situation.' If respondent continues to behave as he did during the marriage, and the trial court was entitled to conclude from the evidence that he will, it is reasonable to believe that he will not give his daughter the affection, care and guidance that are essential to her physical, mental and moral development or provide for her necessities and comforts of life commensurate with her needs and his ability and means."

From the record in this case we can see no reason to believe that appellant's morals and her attitude toward her children have necessarily changed since the death of her former husband. As further said in De Llano v. Moran, supra: "A person's con-

duct during so brief a period affords no basis for saying with any assurance that there has been a permanent change in his character and habits."

 We have concluded that the trial court was well within its discretion in awarding the care, custody and control of the three minor children involved to Philip H. Ruffer, Jr. and his wife, Lennie Ruffer. The evidence clearly and convincingly shows that appellant deserted the children and her husband for another man, lived in adultery with him openly, showed little interest in the children prior to the death of her former husband, R. G. Ruffer, and conspired with her alleged common-law husband to secrete facts and commit perjury concerning her claimed marriage to Calhoun. The trial court was well within reason and within its discretion in believing that the same or similar conduct would continue in the future. To place children of tender years in an environment of adultery, immorality and instability, regardless of any supposed love shown for the children by the natural mother, is harmful to them and cannot be condoned under any circumstances. The home and the environment offered and given the children by Mr. and Mrs. Ruffer, the present custodians, is good; and it is clear to us that the trial court was authorized under the evidence to award custody of the children to them. Moreover, we believe the trial court's rulings were just and correct; and his careful decision will not be disturbed by this court. See Silva v. Aranda, 223 S.W.2d 333 (Tex. Civ.App.), no writ hist.; Ex parte Cahill, 286 S.W.2d 210 (Tex.Civ.App.), no writ. As said in Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.):

"It is in situations with such conflicting considerations that the trial judge must be accorded the right to exercise a large measure of discretion in denying a change of custody of a child. He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him."

The judgment of the trial court is affirmed.

Affirmed.