Billy R. PATTON, Appellant,

v.

James L. WELCH, Appellee.

No. 5559.

Court of Civil Appeals of Texas, Waco.

May 27, 1976.

Rehearing Denied June 24, 1976.

_____

Donald A. Smyth, Brazoria, for appellant.

John D. Cabaniss, Waco, Ad Litem for minor.

Joe N. Johnson, Waco, for appellee.

HALL, Justice.

The appellant is the natural father of the child in question. On petition of the appellee, who is the stepfather of the child, the trial court terminated the parent-child relationship between the appellant and the child and granted the stepfather's petition for adoption. The termination order and the resulting adoption are based on findings that the appellant "has engaged in conduct which endangers the physical or emotional well-being of said child" and that "said termination would be in the best interest of said child," made by the court after a hearing without a jury. A part of the evidence upon which the findings are grounded is proof of the appellant's criminal activities both before and after the child was born. We must decide whether the evidence is legally sufficient and factually sufficient to support the findings. We hold that it is, and affirm the orders.

The appellant was born in September, 1950. In 1964, at age 14, he was charged with theft of a car and was handled as a juvenile for this offense by the authorities in Harlingen, Texas. In 1965, he was convicted in the federal courts for stealing another car and driving it across state boundaries. For this offense he was granted probation under the Federal Youth Corrections Act. He successfully served the probationary period. In 1968, he was convicted of aggravated assault in Bell County, Texas, and assessed punishment of six months in jail. The offense was committed by the appellant striking and inflicting serious injuries upon another with a soft drink bottle. In 1968, while serving the sentence, he escaped from the Bell County Jail. While at large, he burglarized a private residence. He was convicted of the burglary and assessed a term of six years in the Texas Department Of Corrections. He was released on parole in May, 1971. He secured a job with a construction company in McLennan County as a welder, a trade he learned while in the penitentiary. He married Stephen's natural mother, now Mrs. Linda Kay Welch, in August, 1971. She was born in 1951. The appellant passed a forged instrument at the store where his wife was working, and his parole was revoked in December, 1971. At this time, the appellant knew that his wife was pregnant with Stephen. He was returned to the Department Of Corrections to finish the burglary sentence. Stephen was born in April, 1972, while the appellant was in the penitentiary. The appellant completed the burglary sentence in October, 1972. By this time, his wife had filed suit for divorce. Upon release from the penitentiary, he immediately came to Waco for a one-day visit with his wife and Stephen, and with some friends. After the visit, he went to Harlingen where he lived with an aunt and uncle and secured a job with the Cameron County tax appraiser, earning $600–$800 monthly. In March, 1973, Mrs. Welch was awarded a divorce from the appellant. She was made managing conservator of the child. The appellant was granted reasonable visitation upon reasonable notice, with the provision that he could not remove Stephen from the mother's home until Stephen attained the age of six years. The appellant was ordered to pay $100 per month child support. He has made one payment. In April, 1973, the appellant quit his job with Cameron County. In this same month, he married Nellie Salinas, the mother of two children by a prior marriage. They are still married. No children have been born of this marriage. On June 1, 1973, the appellant committed the burglary of a private residence at night, stealing several guns. On June 8, 1973, he committed the offense of armed robbery. In the course of the robbery he threatened harm to a woman and her small child by pointing two loaded revolvers at them. He was arrested for these crimes on June 13, 1973, and placed in the Cameron County jail. He perfected an escape from jail, but was rearrested the next day. He was convicted of the robbery charge in 1973 and is now confined in the Texas Department of Corrections. He was convicted also in 1973 of a federal firearms law violation and assessed a term in the federal penitentiary. This sentence has not been served.

In September, 1973, Mrs. Welch married the appellee, James L. Welch. He was born in 1952. This was his first marriage. One child, also a boy, has been born of this marriage. Stephen was 1½ years of age when the appellee and Mrs. Welch married. Since then, a strong, wholesome father-son-brother relationship has developed between the appellee and Stephen and the younger son. Stephen is now four years of age. The appellee and Mrs. Welch have established a home environment for their sons and for themselves that is economically, emotionally, and spiritually sound now and for the future.

Among other grounds set forth in § 15.02, V.T.C.A., Family Code, which support the court's termination of the parent-child relationship upon proper petition are findings that (1) the parent has engaged in conduct which endangers the physical or emotional well-being of the child, and (2) the termination is in the best interest of the child.

The appellant is now 26 years of age. Since age 14, most of his time has been concerned with satisfying punishments assessed for serious law violations. All but one of the nine crimes committed in that time span were committed with specific criminal intent. Two involved intentional physical and emotional harm to others, including a small child. The record shows that while on probation and while in the Department of Corrections, the appellant was accorded efforts toward his rehabilitation by state and federal authorities, but none helped. He has expressed but little concern in Stephen's welfare; and by his intentional actions he has defeated any chance for the development and of a father-son relationship between them.

The appellant testified to facts which would indicate a change in his attitude during his present incarceration. The trial court was not required to believe there has been a change. "An adult person's future conduct may well be measured by his recent deliberate past conduct as it may be related to the same or a similar situation." *De Llano v. Moran,* 160 Tex. 490, 333 S.W.2d 359, 361 (1960). Under the record, the trial court was justified in believing that the appellant's past conduct shows that he is an incorrigible criminal; that he has a heart regardless of social duty and is dangerous; that he will continue his criminal activities when he is again released from state and federal penal institutions; that he does not truly love the child; that any contact between him and Stephen during the boy's childhood could have only a deleterious effect upon the child's emotional stability and health; and that such contact between the boy and the father who is constantly in trouble with law enforcement officials could and probably would damage healthy mental attitudes which the record shows have been developed in Stephen through gentle, loving nurture and parental care exerted by Mr. and Mrs. Welch.

It is our conclusion that the evidence is legally sufficient to support the questioned findings. Moreover, a review of the entire record convinces us that the findings are not against the great weight and preponderance of the evidence.

The judgment is affirmed.