**MONTGOMERY INDEPENDENT SCHOOL DISTRICT,**
**Appellant,**

v.

**Joanne DAVIS, Appellee.**

**No. 09–97–459CV.**

Court of Appeals of Texas,
Beaumont.

Submitted May 13, 1999.

Decided July 15, 1999.

J. David Thompson, Raymond L. Gregory, Bracewell & Patterson, Houston, for appellant.

Kevin F. Lungwitz, Texas State Teachers Association, Austin, for appellee.

Before BURGESS, STOVER and FARRIS,* JJ.

* The Honorable David Farris, sitting by assignment pursuant to TEX. GOV'T CODE ANN.

## OPINION

DAVID FARRIS, Justice (Assigned).

The Montgomery Independent School District appeals an order reversing its board's decision to not renew a teacher's contract. The board's decision followed a hearing conducted by an independent examiner who recommended that the contract be renewed. The trial court reversed the board's decision and ordered the teacher reinstated. There are two issues at the core of this appeal: could the board determine that one of the examiner's findings of fact was actually a conclusion of law that it could ignore, and could the board make and rely upon additional fact findings of its own? We hold that the board could do neither and affirm the judgment of the trial court.

Joanne Davis had taught at the Montgomery Junior High School for four years when, in 1996, the district's Board of Trustees decided to adopt the superintendent's recommendation and not renew her contract. The board gave five reasons for not renewing Davis's contract:

Failure to fulfill duties or responsibilities;

Insubordination or failure to comply with official directives;

Failure to comply with Board policies or administrative regulations;

Failure to maintain an effective working relationship, or maintain good rapport, with parents, the community, or colleagues, and

A significant lack of student progress.

The superintendent notified Davis of the board's decision, and she requested a hearing under TEX. EDUC.CODE ANN. § 21.207 (Vernon 1996).

The board declined to conduct a hearing choosing instead to have it conducted by a certified hearing examiner assigned by the Commissioner of Education. *See* TEX.

§ 74.003(b) (Vernon 1998).

EDUC.CODE ANN. §§ 21.251–.260 (Vernon 1996). Following a hearing the examiner issued a written recommendation under TEX. EDUC.CODE ANN. § 21.257 (Vernon 1996), including his findings of fact and conclusions of law. Finding of fact 17 and conclusion of law 4 are significant. The examiner's finding of fact 17 stated, "Joanne Davis did not fail to maintain an effective working relationship or maintain good rapport with parents, the community, or colleagues." The examiner's conclusion of law 4 determined that the district had failed to prove, by a preponderance of the evidence, each of the five reasons the board had given for not renewing Davis's contract and recommended she be retained.

Despite the examiner's recommendation the board decided to not renew Davis's contract. To warrant its decision the board deemed the examiner's finding of fact 17 as a conclusion of law that it could disregard and entered its own findings of fact. The board rejected part of conclusion of law 4 determining that the district had not proved that Davis failed to maintain an effective working relationship, or maintain good rapport, with parents, the community, or colleagues. The board adopted its own conclusion of law: The administration proved by a preponderance of the evidence that Davis failed to maintain an effective working relationship, or maintain good rapport, with parents, the community, or colleagues.

The board made three additional fact findings that it characterized as undisputed: Davis had referred to students as "little shits" at school, during the school day, and in the presence of other educators; there were more requests for transfers from Davis's classes than from any other teacher at the school; and there were more complaints concerning Davis's classes than any other teacher's classes at the school. The district argues that the examiner left out of his findings undisputed testimony as to each of the board's additional findings.

Following his statement of finding of fact 17 the examiner included a three page discussion of the evidence supporting his conclusion while addressing most of the occurrences that the board had cited in support of its assertion that Davis failed to maintain an effective working relationship, or maintain good rapport, with parents, the community, or colleagues.

In his discussion the examiner addressed both the transfers and complaints but not the reference to students. The discussion noted that the number of transfers was not unreasonable; that Davis had accomplished a reduction of parent complaints and requests for transfers according to a professional growth plan signed by Davis and the principal, Paul Hatch; and that there was overwhelming evidence that Davis had maintained constant contact with parents and students.

The examiner noted that evidence of Davis's failure to maintain good rapport with colleagues was inconsistent with earlier evaluations of Davis by Hatch. The examiner suggested that the problem was primarily a problem between Hatch and Davis, that Hatch was at least partially at fault, that Hatch was no longer principal, and that Davis had not had difficulty in maintaining rapport with other principals. In that regard the examiner also mentioned, "clearly arbitrary and capricious actions" by Hatch affecting his credibility. Those included Hatch grading Davis as being, "below expectations" on TAAS results despite the fact that her students did better than those assigned to other teachers.[1]

---

1. During the 1994–95 school year Davis taught an eighth grade science class; it was not an accelerated class. Davis's students taking the science TAAS test had a 96% pass rate. That same year the eighth grade students assigned to other science teachers had a 85.3% pass rate. In 1995–96 Davis taught two eighth grade science classes, one of which was accelerated. That year Davis's students had a 98% pass rate while those of other science teachers had an 80% pass rate.

The examiner did not discuss Davis's referring to her students as "little shits." There was testimony from Hatch and the assistant principal that on one occasion Davis had referred to one or more students as a little shit(s), and Davis admitted using the phrase. Davis testified that she intended the remark as a term of endearment but conceded that it was inappropriate. The district does not point to any testimony that Davis made the reference within the hearing of students, parents, or other teachers. Regardless, the fact that Davis made the remark would not outweigh substantial evidence supporting finding of fact 17. In its criticism of finding of fact 17 the district complains that it was not a proper finding of fact because it was not based upon any specific evidence presented at the hearing but was only the hearing examiner's opinion. The district also criticizes it because it was not a statement of any witness's testimony or any exhibit admitted into evidence.

Davis appealed the board's decision to the district court. The court held (1) that finding of fact 17 was properly a finding of fact that could not be deemed a conclusion of law by the board, (2) that the board's additional findings of fact did not support its decision by substantial evidence, and (3) that the decision to not renew Davis's contract was arbitrary, capricious, and unlawful within the meaning of TEX. EDUC.CODE ANN. § 21.303(a) (Vernon 1996). The court ordered the board to reinstate Davis.

■ While the board could adopt, reject, or change the examiner's conclusions of law, it could reject or change his finding of fact only after reviewing the record and only if the finding of fact was not supported by substantial evidence. *See* TEX. EDUC.CODE ANN. § 21.259(b) & (c) (Vernon 1996). The district does not challenge the

sufficiency of the evidence to support finding of fact 17.

■ The code does not define "finding of fact." Accordingly, we construe the phrase by use of the particular meaning it has acquired under TEX.R. CIV. P. 296. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). That particular meaning refers to the ultimate and determinative fact questions rather than evidentiary fact findings. *See De Llano v. Moran,* 160 Tex. 490, 333 S.W.2d 359, 360 (1960); *Posner v. Dallas County Child Welfare,* 784 S.W.2d 585, 587 (Tex.App.—Eastland 1990, writ denied).[2] Findings of fact are equivalent to a jury's verdict. *See State Bar of Texas v. Lerner,* 859 S.W.2d 496, 498 (Tex.App.—Houston [1st Dist.] 1993, no writ). Accordingly, we hold that finding of fact 17 was not a conclusion of law but was a finding of fact that could not be disregarded unless it was not supported by substantial evidence.

■ We also hold that the board's additional findings of fact were evidentiary findings rather than ultimate fact issues that were not addressed by the hearing examiner. In other words, they were statements of some of the evidence relating to the ultimate and determinative finding that Davis did not fail to maintain an effective working relationship or maintain good rapport with parents, the community, or colleagues. The examiner was not required to include in his findings of fact every fact raised by the evidence during the hearing, regardless of whether or not such facts were undisputed. The board could not employ its additional findings to avoid the examiner's fact finding. The board could have conducted its own hearing to determine the facts of the matter. Having opted out of conducting a hearing, the board was not free to opt back in

**2.** In comparison, in *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991), the Supreme Court held that a finding of fact that an election petition was signed by at least two thirds of the eligible voters was a finding of fact that could be reviewed to determine whether or not it was supported by legally sufficient evidence. In *De Llano* the Court held that a determination that a parent was not qualified to have custody and control of a child was a finding of fact rather than a conclusion of law. *Id.* 333 S.W.2d at 360.

because it was dissatisfied with the hearing examiner's determination of the facts.

The judgment of the trial court is AFFIRMED.