

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00405-CV
_____

CITY OF PLAINVIEW TEXAS, WILLIAM MULL, IN HIS OFFICIAL CAPACITY
AS CHIEF OF POLICE OF THE CITY OF PLAINVIEW POLICE DEPARTMENT,
AND KEN COUGHLIN, CAPACITY AS CHIEF OF POLICE OF THE CITY OF
PLAINVIEW POLICE DEPARTMENT, APPELLANTS

V.

KOREY FERGUSON, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A38274-1112, Honorable Robert W. Kinkaid Jr., Presiding

June 23, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

This is a police disciplinary case from which the appellants (collectively "the City") challenge the trial court's order directing that appellee, Korey Ferguson, be reinstated to his position as police officer.[1] We will affirm the order of the trial court.

---

[1] Appellants are the City of Plainview, Texas, and individuals William Mull and Ken Coughlin. Mull was Plainview's police chief at the time Ferguson's employment

## Background

Ferguson was hired as a police officer by the Plainview Police Department in September 2009. He was terminated on March 9, 2011, based on an investigation stemming from a citizen's complaint. On February 17, 2011, Ferguson, then on duty, was called to the police station lobby to visit with Amber Washington, who had come to the station to request assistance with a domestic matter. According to Ferguson's report, Washington was angry, repeatedly cursed at him and was uncooperative. After Washington refused to comply with Ferguson's repeated requests to leave the station, he arrested her for disorderly conduct. In making the arrest, Ferguson used "hand control" and "took her to the ground" because Washington refused to put her hands behind her back and pulled away. The confrontation was recorded on video. The next day, Washington made a verbal complaint to the police department concerning Ferguson's treatment of her. Washington then made a written complaint.

Approximately a week after Ferguson arrested Washington, Lieutenant Dion Guerra asked Ferguson to provide a written memo about the arrest. Ferguson was not informed of or given a copy of Washington's written complaint. After an investigation, the police department concluded sufficient evidence existed to support an allegation of misconduct by Ferguson. Ferguson later testified he was not made aware of the on-going investigation.

_____

was terminated. Coughlin became police chief on Mull's retirement, and was added as a defendant shortly before trial.

Officers of the department met with Ferguson on March 3, March 9 and March 11. The court heard testimony that Ferguson was permitted to make a copy of Washington's complaint at the March 3 meeting. Ferguson testified he was not given a copy of the written complaint at that meeting, and said the officers testifying otherwise "are being untruthful."

As noted, Ferguson was terminated on March 9. The Texas Commission on Law Enforcement Officer Standards and Education separation report and the City's personnel action form are dated that day. He was informed of his termination at a meeting that day with Chief of Police Mull, Lieutenant Guerra, and police Captain Derrick McPherson. Ferguson testified he saw the complaint at that meeting, "read it and started kind of skimming through it[,]" but was not then given a copy.

The court heard other conflicting testimony regarding Ferguson's receipt of a copy of the complaint at a March 11 meeting with Chief Mull and Captain McPherson. Ferguson testified he was permitted to review a copy of the complaint at that meeting but his request for a copy was denied.[2] Ferguson told the court he did not actually

---

[2] The record contains a March 21, 2011 letter to Ferguson's attorney from the City Attorney. In that letter, the City Attorney stated in part, "As for your concern about the disciplinary action violating the Texas Government Code, Chapter 614, Subchapter B, the Officer was given a copy of the complaint to review which he read, and he did watch the recording of his arrest of the complainant. He asked if his attorney could get a copy, and he was told that he could. At this time copies of both are being copied to accompany your Open Records Request."

receive a copy of the written complaint until after his employment was terminated, during a meeting on March 23.[3]

After unsuccessfully appealing the termination decision to the City's grievance committee and then to the City manager, Ferguson filed suit, seeking issuance of a writ of mandamus and a declaration that the City's actions violated Government Code sections 614.021, 614.022, and 614.023. *See* TEX. GOV'T CODE ANN. §§ 614.021, 614.022, 614.023 (West 2014). The relief Ferguson sought included reinstatement to his former position as police officer. After conducting a three-day trial, the court granted Ferguson's request for a writ of mandamus and a permanent injunction. The court signed a judgment that included language ordering the defendants to withdraw Ferguson's 2011 termination and reinstate him to his position as a police officer "at the rate of pay at the time of dismissal." The court filed findings of fact and conclusions of law and the City timely appealed the judgment.

Analysis

The City's appeal is presented through four issues, contending: (1) the court erred by determining reinstatement was mandatory for noncompliance with section 614.023; (2) the evidence adduced at trial was legally and factually insufficient to support the remedy of reinstatement; (3) the court abused its discretion by ordering the City to reinstate Ferguson; and (4) the remedy of reinstatement does not fit the circumstances presented.

---

[3] The March 23 meeting was the first step of the City's personnel grievance process.

4

Subchapter B of Texas Government Code Chapter 614 addresses the handling of complaints against certain peace officers and firefighters. Section 614.022 requires that, to be considered by the agency or department head, a complaint against an officer must be in writing and signed by the person making the complaint. TEX. GOV'T CODE ANN. § 614.022.  Section 614.023 provides:

> a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.
>
> (b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.
>
> (c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless: (1) the complaint is investigated; and (2) there is evidence to prove the allegation of misconduct.
>
> TEX. GOV'T CODE ANN. § 614.023.

"By enacting [Subchapter B], the State provided covered employees with procedural safeguards to reduce the risk that adverse employment actions would be based on unsubstantiated complaints." *Harris County Sheriff's Civil Serv. Comm'n v. Guthrie,* 423 S.W.3d 523, 529-530 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (internal citations omitted). Courts have recognized also that the failure of an agency governed by the subchapter to provide proper documentation of the complaints against an officer impairs the officer's ability to investigate or defend against the complaints. *See Treadway v. Holder,* 309 S.W.3d 780, 785 (Tex. App.—Austin 2010, pet. denied); *Turner v. Perry,* 278 S.W.3d 806, 823 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).  The State has determined that the value of these protections outweighs the

5

fiscal and administrative burdens incurred by complying with their requirements. *Turner,* 278 S.W.3d at 823; *see also Treadway,* 309 S.W.3d at 784-85.

The trial court's findings of fact contain findings that Ferguson did not receive a copy of Washington's complaint within a reasonable time and that he did not receive a copy at any time before the date of his termination on March 9. The City does not challenge those findings on appeal.[4] Resultantly, the City does not contest the trial court's conclusion its termination of Ferguson violated section 614.023, nor does it contest his entitlement to some relief.[5] Through its appellate issues, the City challenges only the propriety of the trial court's inclusion of reinstatement among the relief it granted Ferguson.

We begin our consideration of the City's issues by noting that Texas courts have treated reinstatement as an equitable remedy. *City of Fort Worth v. Jacobs*, 382 S.W.3d 597, 599 (Tex. App.—Fort Worth 2012, pet. dism'd) (*citing, inter alia*, *City of Seagoville v. Lytle,* 227 S.W.3d 401, 414 (Tex. App.—Dallas 2007, no pet.); *City of Elsa v. M.A.L.,* 226 S.W.3d 390, 391-92 (Tex. 2007)). Trial court rulings on the expediency, necessity or propriety of grants of equitable relief are reviewed for abuse of discretion. *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 (Tex. 2008); *see ERI Consulting Eng'rs, Inc. v. Swinnea,* 318 S.W.3d 867, 873-75 (Tex. 2010) (describing

---

[4] Under settled law, in a bench trial, the trial court, as fact-finder, is the sole judge of the credibility of the witnesses. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex. 1986). The court may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Munters Corp. v. Swissco-Young Indus., Inc.,* 100 S.W.3d 292, 296-97 (Tex. App.—Houston [1st Dist.] 2002, pet. dism'd) (citations omitted).

[5] Ferguson's appellate brief concedes his relief cannot include recovery of lost pay and benefits.

courts' exercise of discretion in fashioning equitable remedies for breach of fiduciary duty).

A trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 624 (Tex. 2005); *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001). By its first issue, the City contends the trial court misapprehended the law to require Ferguson's reinstatement, as a mandatory remedy for his termination in violation of section 614.023. The City's contention is based on a statement in the trial court's findings of fact by which the court said, "Non-compliance of the mandates in Texas Government Code 614.023(a) and (b) require that the Plaintiff Korey Ferguson is entitled to the relief he requests to be re-instated to his position as a police officer of the City of Plainview, Texas at the rate of pay at the time of dismissal." The City argues the statement is not a finding of fact but a conclusion of law, and reads the statement to reflect a conclusion by the trial court that reinstatement was mandatory following the court's finding of a violation of section 614.023. Because, the City argues, reinstatement is not a mandatory remedy when disciplinary action is taken contrary to the requirements of section 614.023, the trial court committed an error of law, requiring reversal.

We do not agree the court's statement necessarily carries the meaning the City ascribes to it. Where findings of fact are subject to more than one reasonable construction, they should be given the meaning which will support the judgment. *Rodriguez v. Rodriguez,* 860 S.W.2d 414, 418 (Tex. 1993) (*citing De Llano v. Moran,* 160 Tex. 490, 333 S.W.2d 359, 360 (1960)); *see Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378, 385 (1962) (if findings are susceptible of different

7

constructions, they are construed, if possible, in harmony with the judgment and to support it). The statement on which the City bases its argument, contained within the court's findings of fact, reasonably can be read as applying individually to Ferguson in the context of the other facts of the case, rather than as stating a conclusion of law. *Rodriguez,* 860 S.W.2d at 418. Accordingly, we are not required to read the trial court's finding as a legal conclusion, and thus have no need to address the City's contention the trial court erred in a conclusion the statute mandated Ferguson's reinstatement.[6]

We turn, then, to consideration of the City's third and fourth issues, by which it challenges Ferguson's reinstatement as an abuse of discretion. A trial court abuses its discretion if it rules unreasonably or arbitrarily, without reference to guiding rules or principles. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992). A court also abuses its discretion if it rules without supporting evidence. *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 578 (Tex. 2012) (*citing Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998)).

The City asserts the trial court had before it no evidence supporting Ferguson's reinstatement. Rather, it contends, all of the evidence was to the contrary, showing Ferguson was unfit and had a history of rule and policy violations within the police department. The record shows Ferguson had been disciplined on several occasions. The incidents were resolved through verbal reprimands and short suspensions. One

---

[6] Accordingly, while we are conscious of the opinions of the Tyler and Austin courts of appeals in *City of Athens v. MacAvoy*, 353 S.W.3d 905 (Tex. App.—Tyler 2011, pet. denied), and *Bracey v. City of Killeen*, 417 S.W.3d 94 (Tex. App.—Austin 2013, no pet.), we do not consider their potential application here. *See MacAvoy*, 353 S.W.3d at 910 (hearing examiner acting under chapter 143 of the Local Government Code exceeded his jurisdiction by dismissing discipline against police officer because of city's violation of section 614.023); *Bracey*, 417 S.W.3d at 112 (analyzing and applying holding of *MacAvoy*).

8

infraction involved speeding with a civilian in Ferguson's patrol car. The City also points to the evidence of Ferguson's misconduct in his interaction with Washington. It cites Coughlin's testimony expressing his opinions that Ferguson is "not suited to be a police officer" and that reinstatement would provide him the "opportunity to abuse more citizens." The City also argues evidence showed Ferguson's reinstatement would cause disruption in the police department, and would require the department to create a position for him, effectively diminishing the department's patrol force and thus endangering the public.

The City further argues that while Ferguson may not have actually received a copy of Washington's complaint before his termination, there is evidence he read it before being terminated, and even Ferguson testified he was well aware of the reason for his termination. It also points to the day-long post-termination hearing conducted before the City's grievance committee, and notes Ferguson was represented by counsel throughout the post-termination proceedings. All these facts, the City contends, demonstrate that the purpose of the statute was fulfilled in Ferguson's case and the trial court abused its discretion by ordering his reinstatement. Finally, the City argues the court's reinstatement order is contrary to the City's charter provisions[7] empowering the City Manager to discipline employees when necessary, and its status as an at-will employer.

There is evidence, however, that the trial court could have seen as supporting the remedy of reinstatement. The City was fully aware of the statutory requirement that

---

[7] The City has not adopted the state civil service provisions in Chapter 143 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN § 143.002(a).

a citizen's complaint be provided to an officer within a reasonable time of its filing. The requirement was referred to in the City's manual containing general orders and disciplinary procedures. And, as noted, the City does not challenge the court's finding Ferguson was not given a copy of the complaint before his termination.

The trial court could have taken into consideration the evidence that Ferguson's decision to arrest Washington was not incorrect. Sergeant Kris Marble, a supervisor, and Corporal Scott Young, an officer with more experience than Ferguson, approved Washington's arrest when Ferguson booked her into the jail. Chief Mull testified in his deposition that while it might have been unnecessary, the force Ferguson used against Washington was reasonable. Mull also testified that Ferguson "as a rule, has a good attitude. And as a rule, he did a fairly good job." Ferguson further points to the fact Lieutenant Guerra, the investigating officer, initially prepared only a reprimand for Ferguson.

The trial court also could have considered evidence indicating the department's investigation into Washington's complaint against Ferguson was incomplete. Guerra acknowledged he failed to follow Department policy in handling the investigation of Ferguson's arrest of Washington, and admitted he should have, but did not, document the steps he and other officers took during the investigation. Neither Young nor Ferguson was interviewed. Nor, during the investigation, was Ferguson shown the video of the Washington arrest.

Lastly, the court had before it the department's written performance evaluation of Ferguson, prepared in September 2010 on the anniversary of his hiring. Ferguson's marks on the evaluation are favorable, indicating he "meets standards" in all categories

but one, "volume of acceptable work," on which he received a mark indicating he "exceeds standards." He received a "step raise" in pay. The evaluation's comments section read:

> Officer Ferguson has been on day shift for approximately two months: He has become a productive member of the shift. His reports are done well and his citations and traffic enforcement has greatly improved. He does need to work on his time management so his work will be completed in a timely manner. His Officer safety is good and he readily accepts direction when needed. Officer Ferguson has had a trying few months lately on a personal level but has stayed professional and courteous.
>
> Officer Ferguson is proving himself to be an asset to the City and the Department. He should be advanced to the next step and retained in good standing.

"A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision." *In re Barber,* 982 S.W.2d 364, 365 (Tex. 1998). The court heard conflicting evidence bearing on the propriety of Ferguson's reinstatement to his position as police officer. We are unable to conclude the court's order of reinstatement was an abuse of discretion. The City's third and fourth issues are overruled.

Having reviewed the trial court's imposition of the remedy of reinstatement under the proper standard of review, we need not consider further the City's issue two, which asserts the legal and factual insufficiency of evidence supporting reinstatement. Accordingly, we affirm the order of the trial court.

James T. Campbell
Justice
