Beverly J. GOODIE, The Texas Education Agency, and Commissioner of Education Jim Nelson, Appellants,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 14–00–00441–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 2001.

Christopher L. Tritico, Houston, Martha Powell Owen, George Warner, Austin, for appellants.

David B. Hodgins, John David Thompson, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

ANDERSON, Justice.

This is an administrative appeal arising under chapter 21 of the Education Code. The Houston Independent School District ("HISD") Board of Trustees voted to terminate Beverly Goodie's continuing teacher's contract. The Commissioner of Education reversed the Board's decision and ordered Goodie reinstated. On judicial appeal, the district court reversed the Commissioner's decision. Goodie and the Commissioner appeal. We reverse and render judgment that the Commissioner's decision be affirmed.

### I. Background

Beverly Goodie was employed as a teacher by HISD for 21 years. In 1996, HISD's superintendent sent Goodie a letter proposing to terminate her contract for the following reasons: (1) failure to comply with official directives and HISD policy regarding corporal punishment, (2) failure to comply with official directives and HISD policy regarding attendance, and (3)

failure to comply with prescribed professional growth requirements. ' Goodie requested a hearing. Before examining the events of this case in further detail, we first briefly review the administrative procedures for such hearings (and subsequent appeals) as set forth in the Education Code.

## A. The Statutory Scheme

After receiving notification of a proposed decision to terminate a continuing contract, the teacher may request a hearing before an independent hearing examiner, assigned by the Commissioner of Education. *See* TEX. EDUC.CODE ANN. §§ 21.251–.254 (Vernon 1996). This hearing is evidentiary and resembles a trial to the court. *See id.* §§ 21.255–.256 (Vernon 1996). At the conclusion of the hearing, the examiner issues a written recommendation that includes findings of fact and conclusions of law and may include a proposal for granting relief. *Id.* § 21.257 (Vernon 1996). The school district's board of trustees then considers the recommendation of the examiner and record of the hearing, allowing each party to present oral argument. *Id.* § 21.258 (Vernon 1996). The board must then announce a decision that includes findings of fact and conclusions of law, and may include a grant of relief. *Id.* § 21.259(a) (Vernon 1996). Section 21.259 places certain restrictions, however, on the board's review of the examiner's proposal. The board may reject or change a finding of fact made by the examiner only after reviewing the record of the hearing and only if the finding of fact is not supported by substantial evidence. *Id.* § 21.259(c). The board may adopt, reject, or change the examiner's conclusions of law or proposal for granting relief; however, the board is required to state in writing the reason and legal basis for any change or rejection it makes to a finding of fact, conclusion of

law, or proposal for granting relief. *Id.* § 21.259(b), (d).

A party aggrieved by the board's decision may then appeal to the Commissioner of Education, who reviews the record of the examiner's hearing and the oral argument before the board, along with the parties' written argument and, in some instances, oral argument. *Id.* § 21.301(c) (Vernon 1996). In cases where the board modifies the examiner's findings of fact, the Commissioner may not substitute his judgment for that of the board unless the board's decision is arbitrary, capricious, or unlawful, or the examiner's findings of fact are not supported by substantial evidence. *Id.* § 21.303(b) (Vernon 1996). The Commissioner issues a written decision that includes findings of fact and conclusions of law. *Id.* § 21.304(a) (Vernon 1996).

Either party may then appeal the Commissioner's decision to district court. *Id.* § 21.307(a) (Vernon 1996). The court must review the evidentiary record under the substantial evidence rule, but may not take additional evidence. *Id.* § 21.307(e). A court may not reverse the Commissioner's decision unless the decision was not supported by substantial evidence or unless the Commissioner's conclusions of law are erroneous. *Id.* § 21.307(f).

## B. Goodie's Appeal

The Commissioner of Education appointed a hearing examiner pursuant to section 21.254 of the Education Code. After a four-day hearing, including testimony from ten witnesses, the hearing examiner prepared a "Proposal for Decision." The examiner's proposed decision set forth ninety-three findings of fact and twelve conclusions of law. The vast majority of the examiner's findings focused on HISD's allegations that Goodie violated HISD policy and official directives in the areas of

corporal punishment, attendance, and professional growth. The examiner ultimately concluded, "Neither the collective nor individual allegations of [HISD] rise to the level of violation of the Standard Practices for Texas Educators or good cause required for the termination of [Goodie]'s employment contract."

On August 15, 1996, HISD's Board of Trustees met to consider the hearing examiner's recommendation. Prior to the hearing, the HISD administration submitted to the Board its own proposed findings of fact and conclusions of law. The administration's proposal added forty additional findings of fact to those found by the examiner. This proposal also replaced the examiner's conclusions with its own, contrary conclusions, and recommended that Goodie's contract be terminated. After considering the hearing examiner's recommendation and the parties' oral argument, the Board of Trustees voted to (1) adopt the administration's proposed findings of fact (with one minor modification) and conclusions of law, (2) reject the examiner's proposed conclusions of law, and (3) terminate Goodie's contract.

On August 21, 1996, the Board's president sent Goodie a letter for the stated purpose of informing Goodie why the Board was changing one of the examiner's findings of fact and rejecting another one. In addition, the letter restated the results of the Board's vote announced at the conclusion of the August 15 meeting. Goodie then appealed the Board's decision to the Commissioner of Education. While this appeal was pending, the Board's president sent Goodie a second letter, dated September 25, 1996. After first noting that the August 21 letter explained the Board's reasons for changing and rejecting two findings of fact, the September 25 letter stated that "the reason and the legal basis" for the Board's other decisions "were contained in the self-explanatory information" attached to the August 21 letter. The September 25 letter continued:

> Further information regarding the Board's reasoning for supporting the administration's recommendation, however, is outlined in the argument of administration's counsel on August 15, 1996. The transcript of your hearing has now been prepared. In order to provide you with further understanding of the reasons and legal basis for the Board's action, please find enclosed a transcript of the argument before the Board of Education on August 15, 1996. For a greater understanding of the reasons and legal basis for the Board's actions, please pay particular attention to the argument of administration's counsel. For further information, please review the proposed findings of fact, conclusions of law and legal briefing that was submitted to you and to the Board by administration's legal counsel on the day of your hearing.
>
> .... Upon review of the evidence and the argument in your case, the Board determined that the great weight of the evidence supported the determination to make the changes to the findings of fact and conclusions of law and to terminate your contract.

On January 21, 1997, the Commissioner issued a written decision granting Goodie's appeal and reversing the Board's decision. The Commissioner concluded, among other things:

(1) the examiner's findings of fact, with the exception of one finding deleted by the Board, were supported by substantial evidence, and therefore the Board did not have authority to modify them;

(2) the Board did not have authority to add additional findings of fact;

(3) the Board's revised conclusions of law are arbitrary and capricious because they are not supported by substantial evidence;

(4) with the exception of the two fact findings identified in the August 21 letter, the Board did not provide an explanation in writing for modifying the examiner's findings of fact and conclusions of law and therefore the Board failed to meet a condition for modifying findings of fact and conclusions of law.

Based on these conclusions of law, the Commissioner concluded that the Board's decision was arbitrary and capricious, not supported by substantial evidence, and unlawful. Accordingly, the Commissioner ordered the Board to reinstate Goodie and pay her all back pay and benefits since August 15, 1996. *See* TEX. EDUC.CODE ANN. § 21.304(e).

The Board next appealed to the district court. After initially affirming the Commissioner's decision, the district court later granted HISD's motion for a new trial and reversed the Commissioner's decision and reinstated the Board's decision to terminate Goodie. The court concluded that, even assuming that the Board did not have authority to create additional findings of fact, the examiner's unmodified findings regarding attendance provided sufficient evidence to support the Board's conclusion that it had good cause to terminate Goodie. The court also concluded the two letters sent to Goodie by the Board's president satisfied the notice requirement under section 21.259(d) of the Education Code. Even if the Board failed to comply with section 21.259(d), the court held that this alleged failure was a procedural error on which the Commissioner may not reverse the Board's decision. *See id.* § 21.303(c). Goodie and the Commissioner appealed to this Court for review.

## II. Standard of Review

On appeal of the district court's judgment, the focus of the appellate court's review, as in the district court, is on the decision of the Commissioner. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex.2000). This court may not reverse the Commissioner's decision unless the decision is not supported by substantial evidence or unless the Commissioner's conclusions of law are erroneous. TEX. EDUC.CODE ANN. § 21.307(f). Substantial evidence means more than a mere scintilla; thus, the evidence may preponderate against the decision, yet still amount to substantial evidence. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex.1999). The test is whether reasonable minds could have reached the same conclusion as the Commissioner. *See Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988).

With respect to conclusions of law, the Commissioner's reasoning for his decision is immaterial if his conclusion is correct. *See Texas Employment Comm'n v. Hays*, 360 S.W.2d 525, 527 (Tex.1962). The court must uphold the Commissioner's decision on any legal basis shown in the record. *See Board of Trustees of Employees Ret. Sys. v. Benge*, 942 S.W.2d 742, 744 (Tex.App.—Austin 1997, writ denied). Finally, as with administrative agencies generally, the Commissioner's construction of a statute is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain meaning of the statute. *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex.1994).

## III. Discussion

In her first issue, Goodie asserts the district court erred in reversing the Commissioner's decision. Goodie and the Commissioner argue, among other things, that

HISD's Board of Trustees failed to comply with the requirement in section 21.259 regarding changes to the examiner's recommendations. Section 21.259(d) states:

> The board of trustees or board subcommittee shall state in writing the reason and legal basis for a change or rejection made under this section.

TEX. EDUC.CODE ANN. § 21.259(d). HISD contends, and the district court agreed, that the August 21 and September 25 letters to Goodie from the Board's president satisfied this requirement. We agree with Goodie and the Commissioner.

In her August 21 letter, the Board's president informed Goodie that the Board changed one of the examiner's findings of fact and rejected another because neither finding was supported by substantial evidence. This letter further stated the Board adopted the HISD administration's proposed additional findings of fact, rejected the examiner's conclusions of law, and adopted the administration's proposed conclusions of law. Attached to the letter was a copy of the administration's proposed findings and conclusions. HISD claims that this letter and the attached information met the statute's requirements by detailing the reasons good cause existed to terminate Goodie. At best, however, the information attached to the August 21 letter merely supported the conclusions of law that the Board ultimately adopted. The Board did not, as the statute requires, state a reason or legal basis for rejecting the conclusions and rec-

ommendations made by the hearing examiner. Accordingly, the August 21 letter is inadequate under section 21.259(d).

HISD also claims the September 25 letter from the Board's president to Goodie satisfied section 21.259(d). In his findings of fact, the Commissioner found this letter "was not sanctioned by the Board." [1] We may not reject a finding of fact made by the Commissioner unless it is not supported by substantial evidence. *See* TEX. EDUC.CODE ANN. § 21.307(f). HISD does not challenge this finding. Thus, the September 25 letter does not satisfy the Board's obligations under section 21.259(d).[2]

HISD next contends that, even if it did not meet the requirements of section 21.259(d), this failure was merely a procedural error on which the Commissioner may not reverse the Board's decision. We disagree. Our supreme court has noted that the requirement to state in writing the reason and legal basis for any change or rejection of the examiner's findings, conclusions, or recommendations is designed to protect "the independent nature of the hearing-examiner process." *Davis*, 34 S.W.3d at 564. As the court states in *Davis*, "An independent factfinder is integral to the structure of the hearing-examiner process." *Id.* We cannot say the Board's failure to comply with a statute crafted by the Legislature to protect this independence is nothing more than a procedural irregularity or error. Goodie's first issue is sustained.[3]

---

1. In the "Discussion" portion of his decision, the Commissioner characterizes the September 25 letter as "nothing other than the Board President's personal opinion."

2. HISD also argues the Commissioner erred in concluding the reason and legal basis for a change or rejection under section 21.259(d) is untimely if drafted after the last date a teacher may appeal the Board's decision to the Commissioner. Because we find the Com-

missioner properly concluded that the September 25 letter was otherwise insufficient under section 21.259(d), we do not address the question of whether the statute includes such a time restriction.

3. Because this issue is dispositive of the appeal, we do not address the remaining issues raised by Goodie and the Commissioner.

## IV. Conclusion

The Commissioner concluded that the Board's decision to terminate Goodie was arbitrary, capricious, and unlawful, based on the Board's failure to meet a necessary condition for changing or rejecting the hearing examiner's conclusions of law and recommendations for relief. Because we find the Commissioner's conclusion is not erroneous, there is no basis for reversing the Commissioner's decision. We therefore reverse the district court's judgment and render judgment affirming the Commissioner's decision of January 21, 1997.

HUDSON, J., dissenting.

HUDSON, Justice, dissenting.

Relying solely on facts found by the independent hearing examiner, I believe the Board of Trustees of the Houston Independent School District had good cause to terminate the employment of Beverly Goodie.

A teacher may be discharged at any time for good cause as determined by the board of trustees. Tex. Educ.Code Ann. § 21.156(a) (Vernon 1996). So long as the board's decision is not arbitrary, capricious, unlawful, or unsupported by substantial evidence, it must be affirmed by the Commissioner of Education. Tex. Educ.Code Ann. § 21.303(a) (Vernon 1996). Looking solely at facts found by the hearing examiner, we know that Ms. Goodie was directed to arrive at school by 7:30 a.m. Despite this directive and several warnings, Ms. Goodie was tardy 89 times between August 1994 and May 1996. Ms.

Goodie claimed her tardies were attributable to a variety of reasons, including (1) being stopped by parents; (2) having to take items from her car to the classroom; and (3) her own negligence in simply failing to sign in before 7:30 a.m.[1]

After making these findings, the hearing examiner concluded that because Ms. Goodie's attendance was improving, her conduct was not beyond remediation and did not constitute good cause for her termination. But while the board was obliged to accept the examiner's fact findings, i.e., Goodie was tardy 89 times, it was not required to accept the examiner's conclusions, i.e., 89 tardies does not constitute good cause for termination. The board, in fact, was expressly authorized to reject or change the hearing examiner's conclusions of law and proposal for relief. Tex. Educ. Code Ann. § 21.259(b) (Vernon 1996).

The majority contends the board was not authorized to reach different conclusions from those of the hearing examiner because it failed to state in writing the reason and legal basis for changing the conclusions of law as required by Tex. Educ.Code Ann. § 21.259(c). However, the board's letter of August 21, 1996, informed Ms. Goodie that it had adopted different conclusions of law from those put forward by the examiner (the board's conclusions were attached to the letter). Among the new conclusions was the statement: "Ms. Goodie's repeated failure to follow directives regarding attendance is good cause for her termination." In fact, there is little more the board could have said in explanation. Whether specific facts

---

**1.** I have no quarrel with the majority's conclusion that under the facts of this case the board was not free to substitute its findings for those of the hearing examiner. The hearing examiner, as the fact-finder, was authorized to make findings of fact. Tex. Educ.Code Ann. § 21.257 (Vernon 1996). Such findings are equivalent to a jury's verdict. *Montgom-*

*ery Ind. Sch. Dist. v. Davis,* 994 S.W.2d 435, 438 (Tex.App.—Beaumont 1999), *aff'd,* 34 S.W.3d 559 (2000). The board was not authorized to reject or change a finding made by the hearing examiner unless it was unsupported by substantial evidence. Tex. Educ. Code Ann. § 21.259(c) (Vernon 1996).

constitute "good cause" for termination is a "judicial" decision upon which reasonable minds may differ; advocates of contrary positions can, in the end, do little more than exchange claims of " 'tis so" and " 'tis not." Thus, I would find the board adequately stated its reason for changing the conclusion, namely, repeated tardies constitute good cause for termination.

Moreover, I would affirm the court below even if the board's letter failed to "state in writing the reason and legal basis for a change or rejection" of the examiner's conclusion. TEX. EDUC.CODE ANN. § 21.259(d) (Vernon 1996). While the independent hearing examiner decides fact issues, the board "retains the authority to make the ultimate decision of whether the facts demonstrate that board policy was violated." *Montgomery Ind. Sch. Dist. v. Davis,* 34 S.W.3d 559, 565 (Tex.2000). The ability to reject or change conclusions of law preserves a school board's authority and responsibility to interpret its policies. *Id.* Further, the "board has the power to apply those policies to the examiner's findings and the undisputed evidence by rejecting or changing the examiner's conclusions of law or proposal for relief." *Id.* To preserve the autonomy of the board, the legislature has declared that the commissioner is not authorized to reverse a decision of the board due to a *procedural* irregularity made by the board unless the irregularity likely led to an erroneous decision by the board. TEX. EDUC.CODE ANN. § 21.303(c) (Vernon 1996). The error alleged here was purely procedural, and because the error occurred *after* the board's decision, it could not logically have had any impact on the board's decision. Accordingly, the error, if any, should have been disregarded.

Because the majority's decision (1) wrongly finds the board's letter of August 21, 1996, to be inadequate; (2) infringes upon the board's authority to apply its own policies to the facts; and (3) fails to disregard a procedural error as mandated by statute, I must respectfully dissent.