**Joe L. TAVE, Appellant,**

v.

**Felipe ALANIS, Commissioner of Education, and Dallas Independent School District, Appellees.**

No. 05–02–01253–CV.

Court of Appeals of Texas, Dallas.

July 14, 2003.

Daniel A. Ortiz, Oritz & Robinson, L.L.P., Arlington, for Appellant.

Craig A. Capua, Dallas, George Warner, Assistant Attorney General, Austin, for Appellees.

Before Justices BRIDGES, O'NEILL, and FITZGERALD.

## OPINION

Opinion By Justice BRIDGES.

Joe L. Tave appeals the termination of his employment contract with the Dallas Independent School District (DISD). After DISD terminated his employment, Tave appealed to the commissioner of education for Texas, who denied Tave's appeal. Tave then appealed the commissioner's decision in district court, and the trial judge affirmed the commissioner's decision. In four issues, Tave argues the trial court erred in affirming the commissioner's decision, the commissioner's decision is not supported by substantial evidence, the commissioner's conclusions of law are erroneous, and the decision of the DISD board of trustees subcommittee was arbitrary, capricious, unlawful, or not supported by substantial evidence. We affirm the trial court's judgment.

Tave was employed by DISD under a term contract that would have terminated at the close of the 2002–2003 school year. In December 2000, a computer was assigned to Tave for classroom use. Tave discovered an icon labeled "Teacher Evaluations" on the computer screen, but nothing happened when Tave double-clicked on the icon. In January 2001, some of Tave's students discovered several documents involving employee reprimands stored on the computer's hard drive. Tave assumed that some of the information should not have been on the computer, and he "had concerns about the appropriateness of the information being on the computer." Tave, along with the students, read the documents, and a student saved the documents on floppy disks. Tave gave the disks to his attorney and did not tell the school administration that he had discovered the documents.

However, Tave told other teachers about the information on the computer. Clara Garrett, a fellow teacher, testified Tave told her he had "lots and lots" of confidential information pertaining to teachers and "just all kinds of things I shouldn't have." Garrett told Tave he should not have the information, and he was going to get in a lot of trouble. Tave responded that he intended to take the information and "blackmail" the school principal, John Washington, into leaving him alone. Washington eventually found out that Tave had the information. Tave was placed on administrative leave and eventually terminated. Tave appealed his termination, and a hearing examiner appointed by the Texas Commissioner of Education found DISD had good cause to terminate Tave's employment. A three-member subcommittee of the DISD board of trustees adopted, by a 2–1 vote, the hearing examiner's findings of fact and conclusions of law. The 162nd District Court affirmed the decision of the Commissioner, and this appeal followed.

■ At the outset, Tave argues the board of trustees subcommittee did not "announce a decision" regarding Tave's termination as required by the education code. See TEX. EDUC.CODE ANN. § 21.259(a) (Vernon 1996) (not later than ten days after board subcommittee meeting to consider recommendation and record of hearing examiner, subcommittee shall "announce a decision" which includes findings of fact and conclusions of law and which may include grant of relief). Tave cites the subcommittee's hearing to consider the hearing examiner's recommendation and points out that, at the conclusion of the hearing, one of the subcommittee members made a motion to recommend to the board of trustees that they adopt the hearing examiner's determination that DISD did have good cause to terminate Tave's employment. Relying on this portion of the record, Tave argues the only "decision" made by the subcommittee was to "recommend" that the DISD board itself adopt the hearing examiner's determination and, thus, the subcommittee never "announced a decision" on the matter. Further, the record contains no evidence the DISD board ever acted on the subcommittee's "recommendation" and voted to terminate Tave's employment. As a result, Tave argues, he has never been terminated by the DISD board and is therefore entitled to his full salary and attendant employment benefits under his teacher contract with the DISD. We disagree.

The record contains a document entitled "Decision" which indicates it is the decision of a subcommittee of the DISD board. The document specifically states that, "After examining the record and considering the argument of the parties and their representatives ... the Subcommittee decided to adopt and approve the findings of fact and conclusions of law and to terminate the contract of Joe L. Tave." The record further indicates the subcommittee conducted its hearing on May 3, 2001, and Tave filed his petition for review of the subcommittee's decision with the commissioner of education on May 22, 2001, within the twenty-day deadline provided by the education code. See TEX. EDUC.CODE ANN. § 21.301(a) (Vernon Supp.2003) (not later than 20th day after subcommittee announces its decision under Section 21.259, teacher may appeal decision by filing petition for review with commissioner).

In his petition for review, Tave does not argue the board or its subcommittee failed to "announce a decision" regarding Tave's termination. On the contrary, Tave's petition for review states that the "Commissioner of Education has jurisdiction over the subject matter of this cause pursuant to [education code] § 21.301. Petitioner is

aggrieved by a decision of a board of trustees subcommittee to terminate his contract." Thus, the record and Tave's own pleadings indicate the subcommittee announced a decision that it adopted the hearing commissioner's findings of fact and conclusions of law and terminated the contract with Tave, and Tave appealed from that decision. Accordingly, we turn to a consideration of Tave's issues.

 Because appellant's first, second, and third issues are interrelated, we will address them together. In his third issue, Tave argues the commissioner's conclusions of law are erroneous. In his second issue, he raises the issue of whether the commissioner's decision was supported by substantial evidence. In his first issue, Tave argues the trial court erred in affirming the Commissioner's decision. On appeal of the trial court's judgment, the focus of the appellate court's review, as in the trial court, is on the decision of the commissioner. *Montgomery Indep. Sch. Dist. v. Davis,* 34 S.W.3d 559, 562 (Tex.2000); *Goodie v. Houston Indep. Sch. Dist.,* 57 S.W.3d 646, 650 (Tex.App.-Houston [14th Dist.] 2001, no pet.). This Court may not reverse the commissioner's decision unless the decision is not supported by substantial evidence or unless the commissioner's conclusions of law are erroneous. Tex. Educ.Code Ann. § 21.307(f) (Vernon 1996); *Goodie,* 57 S.W.3d at 650. Substantial evidence means more than a mere scintilla; thus, the evidence may preponderate against the decision yet still amount to substantial evidence. *Mireles v. Tex. Dep't of Pub. Safety,* 9 S.W.3d 128, 131 (Tex.1999). The test is whether reasonable minds could have reached the same conclusion as the commissioner. *See Tex. State Bd. Of Dental Exam'rs v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988).

 With respect to conclusions of law, the commissioner's reasoning for his decision is immaterial if his conclusion is correct. *See Tex. Employment Comm'n v. Hays,* 360 S.W.2d 525, 527 (Tex.1962). The court must uphold the commissioner's decision on any legal basis shown in the record. *Goodie,* 57 S.W.3d at 650; *see Bd. of Trustees of Employees Ret. Sys. v.Benge,* 942 S.W.2d 742, 744 (Tex.App.-Austin 1997, writ denied). Finally, as with administrative agencies generally, the commissioner's construction of a statute is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain meaning of the statute. *Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994).

The commissioner, in his discussion of Tave's case, noted Tave was employed under a term contract. Therefore, the commissioner addressed the issue of whether there was "good cause" to terminate Tave under the following standard:

> Good cause for discharging an employee is defined as the employee's failure to perform the duties in the scope of employment that a person of ordinary prudence would have done under the same or similar circumstances. An employee's act constitutes good cause for discharge if it is inconsistent with the continued existence of the employer-employee relationship.

*Lee–Wright, Inc. v. Hall,* 840 S.W.2d 572, 580 (Tex.App.-Houston [1st Dist.] 1992, no writ). In applying this standard, the commissioner stated the hearing examiner and the board subcommittee erroneously used the standard applicable to continuing contracts, under which good cause for termination is "the failure to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts in this state." Tex. Educ.Code Ann. § 21.156(a) (Vernon 1996). The commissioner stated the statutory definition was more restrictive and proceeded to apply the *Lee–Wright* defini-

tion of good cause to the facts of Tave's case. The education code does not define "good cause" in the context of termination of term contracts. The education code provides that the board may terminate a term contract and discharge a teacher at any time for "good cause as determined by the board." TEX. EDUC.CODE ANN. § 21.211 (Vernon 1996).

After reviewing the facts that Tave permitted students to access teacher reprimands stored on a computer in Tave's classroom, the commissioner entered conclusions of law that, among other things: (1) teacher reprimands are confidential under education code section 21.335, (2) DISD had good cause to terminate Tave's term contract based on his accessing and disseminating confidential information, (3) Tave's accessing and disseminating confidential information violated District Policy DF (Local) No. 24 in that the conduct could cause the public, students, or employees to lose confidence in the administration and integrity of the District.

Tave argues there is no evidence that his conduct caused or could cause such a loss of confidence or that his conduct constituted "good cause" for his termination. In addition, Tave asserts the commissioner misplaced the burden of proof on Tave by stating, "in order to prevail, [Tave] needs to show that under the correct definition of 'good cause,' his contract should not have been terminated." However, Tave does not dispute that he discovered confidential reprimands on his computer and permitted students to review the reprimands and download them onto disks for his future use. In addressing the "good cause" issue, the commissioner correctly stated that "[t]he central issue in this case is whether, using the definition of 'good cause' in Lee–Wright v. Hall there is good cause to terminate [Tave's] contract." Tave offers no analysis of the correct definition of "good cause" or how he was harmed by the commissioner's application of the Lee–Wright definition. We conclude that, under any of the definitions of "good cause" for termination, the commissioner's conclusion of law that Tave's conduct in permitting the dissemination of the reprimands could cause the public, students, or employees to lose confidence in the administration and integrity of the District was supported by substantial evidence and was not erroneous. TEX. EDUC.CODE ANN. §§ 21.156(a), 21.307(f), (Vernon 1996); see Lee–Wright, 840 S.W.2d at 580; Goodie, 57 S.W.3d at 650. Accordingly, the trial court did not err in affirming the commissioner's decision. Goodie, 57 S.W.3d at 650; see Benge, 942 S.W.2d at 744. We overrule Tave's first, second, and third issues.

Because of our disposition of Tave's first, second, and third issues, we need not further address Tave's arguments, raised in his fourth issue, that the board subcommittee made no decision on whether to terminate Tave's employment, DISD did not prove "good cause" for termination, and the commissioner acted arbitrarily in applying a Lee–Wright definition of "good cause."

We affirm the trial court's judgment.