

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00706-CV

**JUDSON INDEPENDENT SCHOOL DISTRICT** and Michael L. Williams, in his official
capacity as Commissioner of Education,
Appellants

v.

Maria Hortencia **RUIZ**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-20399
Honorable Martha B. Tanner, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: March 31, 2015

REVERSED AND RENDERED

This appeal arises from the Judson Independent School District's termination of Maria

Hortencia Ruiz's employment contract. The District and the Texas Commissioner of Education

appeal the district court's judgment, which reversed the Commissioner's decision upholding the

termination. We reverse the district court's judgment and render judgment affirming the

Commissioner's decision.

## BACKGROUND

The District employed Ruiz as a counselor under a term contract at Judson High School. Under the contract, Ruiz agreed to comply with applicable state and federal laws and the District's policies, rules, regulations, and administrative directives. The contract provided that her employment could be terminated if the school board determined that good cause existed to do so.

Ruiz's daughter, A.C., was a freshman at Judson High School at the time of the events leading to the termination of Ruiz's employment. A.C. participated in an after-school mariachi program that was co-taught by Carlos Reyes, a paraprofessional. A.C. was also a member of a mariachi group outside of school that was run by Reyes. Reyes also at times worked as a substitute teacher at Judson.

On March 6, 2012, one of A.C.'s teachers confiscated A.C.'s cell phone for a cell-phone-use violation and gave the phone to Ruiz. Ruiz noticed A.C.'s phone receiving text messages, and she discovered a chain of text messages between A.C. and Reyes that caused her distress. Because she could not determine who was sending or receiving the text messages, she took the phone to another counselor, Destiny Price, who owned the same kind of phone as A.C. Price was A.C.'s counselor and had tutored her since eighth grade both at school and at home. Price knew Reyes was A.C.'s mariachi instructor.

Price identified which of the text messages were sent by A.C. and which were sent by Reyes. In one of the text messages, A.C. posed a sexually explicit and inappropriate question to Reyes. Reyes did not respond to the question, but texted back that he needed to quit drinking. A.C. replied that she was never going to drink, and Reyes agreed that was a good idea. A.C. asked Reyes what he was doing, and Reyes texted back a shirtless picture of himself, showing his upper chest area and his new haircut.

Ruiz and her husband met with Reyes and his wife the same day and insisted there be no more communications between Reyes and A.C. unless specifically about music. Price knew about the meeting and discussed it with Ruiz the next day. A.C. was allowed to stay in the mariachi group for a few more weeks, but then Ruiz and her husband removed A.C. from the group. Neither Ruiz nor Price reported the incident to Child Protective Services, to law enforcement authorities, or to the Judson administration.

On April 16, 2012, the text messages came up in a conversation between Price and another counselor, Jo Ann Cruz. Cruz reported the text messages to members of the administration, who then reported the matter to Child Protective Services. Investigations were immediately initiated by the police, Child Protective Services, and Judson administration. Ruiz and Price were placed on administrative leave the next day for failing to report the text messages. Price subsequently received a written reprimand, but was allowed to return to work. The District allowed Reyes to resign on April 17, and issued him a trespass warning to stay off school property and away from school events.

**Administrative Proceedings**

The Superintendent proposed that Ruiz's employment contract be terminated, and the school board approved the recommendation. After receiving notice of the District's intent to terminate her contract, Ruiz requested a hearing before a certified hearing examiner. *See* TEX. EDUC. CODE ANN. § 21.251, *et seq.* (West 2012). The hearing examiner concluded that Ruiz violated a District board policy that required her to report a potential child abuse matter in accordance with state law. However, the examiner also found that Ruiz did not believe she had a duty to report the text messages because she did not believe abuse had occurred. The hearing examiner also concluded that Ruiz's violation of board policy was not good cause to terminate her contract because it was not inconsistent with the existence of the employer-employee relationship,

as evidenced by the fact that Price, who committed the same infraction, remained employed. The hearing examiner additionally made a finding of fact that "[t]he disparity in disciplinary action between Price and Ruiz was so vastly different and without reasonable grounds or adequate consideration, that it rises to the level of being arbitrary and capricious." The hearing examiner recommended that the District not terminate Ruiz's contract and issued findings of fact and conclusions of law to support her recommendation.[1] *See id*. § 21.257.

The District's school board held a special meeting on September 20, 2012, to consider the hearing examiner's recommendation and hear arguments from the parties' attorneys. *See id*. § 21.258. The board then met in closed session but did not reach a decision. The board met again on September 26. A motion was made to make changes to the hearing examiner's findings, conclusions, and recommendation. The motion included the reasons and legal bases for the changes. The school board voted to accept the changes and announced its decision. *See id*. § 21.259. The meeting was recorded by a certified shorthand reporter.

The school board changed the hearing examiner's conclusions of law to conclude that the District met its burden of proof, good cause exists to support the proposed termination of Ruiz's contract, and the evidence is sufficient to support the action. The board also determined that the hearing examiner's finding of fact about disparity in discipline was properly a conclusion of law and amended it to state, "The disparity of disciplinary action between Price and Ruiz was not so vastly different and without reasonable grounds or adequate consideration that it rises to the level of being arbitrary and capricious." The board rejected the hearing examiner's recommendation to reinstate Ruiz, and it terminated Ruiz's employment contract. Ruiz's attorney was notified of the

---

[1] The District's termination notice to Ruiz alleged three additional grounds to justify the termination of her employment. The hearing examiner found none of those grounds was supported by evidence and the District did not challenge or modify the examiner's findings and conclusions with respect to those grounds.

decision the next day and received written notice of the changes and the reasons therefor on October 4.

Ruiz appealed the District's decision to the Commissioner of Education. *See id*. § 21.301. Ruiz argued that the District's board failed to timely provide her written reasons and legal bases for its changes to and rejections of the hearing examiner's findings, conclusions, and recommendations, and therefore "lost jurisdiction to make changes to the Hearing Examiner's recommendation." Alternatively, Ruiz challenged the District's changes to the hearing examiner's findings of fact and conclusions of law, arguing the examiner's findings and conclusions were supported by substantial evidence and legal authority.

The Commissioner approved the District's renamed and modified conclusions of law and affirmed the District's decision in a written opinion. Interpreting the requirements of section 21.259 of the Education Code, the Commissioner held the District timely announced its decision and provided written reasons and legal bases for its changes to the hearing examiner's recommendation in accordance with the law. The Commissioner noted that the hearing examiner found that Ruiz violated a District policy when she failed to report a potential child abuse matter and that her failure to report resulted in Reyes continuing to serve as the mariachi instructor and as a substitute teacher, thus further exposing students to risk, and held this constituted good cause to terminate Ruiz's contract. The Commissioner further held that Ruiz's termination was not arbitrary and capricious because "[a] school district will not be required to employ a teacher who fails to safeguard students," and "[w]hen the safety of children is at risk, a contract termination will not be overturned because a school district failed to take action against a teacher who was in similar circumstances." The Commissioner alternatively concluded that Price's and Ruiz's actions and circumstances were "significantly different."

Ruiz appealed the Commissioner's decision to the district court. *See* TEX. EDUC. CODE ANN. § 21.307(a). The district court reversed the Commissioner's decision without stating its reasons and ordered Ruiz reinstated with back pay and benefits from the date of her termination to her reinstatement. The District and the Commissioner appeal the district court's judgment.

## STANDARD OF REVIEW

"On appeal of the district court's judgment, the focus of the appellate court's review, as in the district court, is on the decision of the Commissioner." *Goodie v. Houston Indep. Sch. Dist.*, 57 S.W.3d 646, 650 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 562 (Tex. 2000)). A court may not reverse the Commissioner's decision unless his decision is not supported by substantial evidence or his conclusions of law are erroneous. TEX. EDUC. CODE ANN. § 21.307(f); *Davis*, 34 S.W.3d at 562. Under substantial evidence review, "only more than a mere scintilla" of evidence is needed to support the Commissioner's decision. *Davis*, 34 S.W.3d at 566. Whether the Commissioner's decision meets that standard is a question of law. *Id.* "With respect to conclusions of law, the Commissioner's reasoning for his decision is immaterial if his conclusion is correct." *Goodie*, 57 S.W.3d at 650. We therefore must uphold the Commissioner's decision on any legal basis shown in the record. *Id.*

## DISCUSSION

**District's Compliance with § 21.259 of the Education Code**

Ruiz argues the Commissioner erred in holding that the District's Board of Trustees timely announced its decision and gave written reasons for its changes to the hearing examiner's findings, conclusions, and recommendations. Ruiz contends that because the District failed to comply with the statutory requirements, it "lost jurisdiction to make changes to the Hearing Examiner's recommendation."

The Texas Education Code sets a deadline for the board to consider the hearing examiner's recommendation, and requires the board to allow the parties to present oral argument. TEX. EDUC. CODE ANN. § 21.258 (West 2012). Section 21.259 of the Education Code then provides:

> (a) Not later than the 10th day after the date of the board meeting under Section 21.258, the board of trustees or board subcommittee shall announce a decision that:
> (1) includes findings of fact and conclusions of law; and
> (2) may include a grant of relief.
>
> (b) The board of trustees or board subcommittee may adopt, reject, or change the hearing examiner's:
> (1) conclusions of law, including a determination regarding good cause for suspension without pay or termination; or
> (2) proposal for granting relief.
>
> (c) The board of trustees or board subcommittee may reject or change a finding of fact made by the hearing examiner only after reviewing the record of the proceedings before the hearing examiner and only if the finding of fact is not supported by substantial evidence.
>
> (d) The board of trustees or board subcommittee shall state in writing the reason and legal basis for a change or rejection made under this section.

*Id.* § 21.259.

Here, the District's board held its section 21.258 meeting to consider the hearing examiner's recommendations and hear arguments on September 20, 2012. It recessed without making a decision and further considered the matter at a meeting on September 26, 2012. Ruiz and her attorney had notice of the September 26 meeting, but did not attend. In open session at that meeting, the board voted to accept some, reject some, and change some of the hearing examiner's recommendations. The board's vote, including its findings of fact and conclusions of law and the reasons and legal bases for its changes to the hearing examiner's recommendations, was orally announced. Ruiz was notified of the decision on September 27. A written transcript of the orally rendered decision, findings, and reasons was provided to Ruiz on October 4, 2012. Ruiz filed her petition for review with the Commissioner on October 16, 2012.

Ruiz argued to the Commissioner and argues on appeal that the District failed to comply with the statute because it did not provide her its written reasons for changing the hearing examiner's recommendation within the ten-day time period provided in section 21.259. The Commissioner rejected Ruiz's interpretation of section 21.259. Citing previous decisions of the Commissioner of Education, the Commissioner held that section 21.259 contains two separate requirements. First, the board must "announce its decision" within ten days of the section 21.258 board meeting. *See* TEX. EDUC. CODE ANN. § 21.259(a). This "announcement" may be oral and is the event that triggers the timeline for appealing to the Commissioner. *Patnod v. Houston Indep. Sch. Dist.*, Docket No. 039-R2-1097 (Comm'r Educ. 1997); *Goodie v. Houston Indep. Sch. Dist.*, Docket No. 002-R2-996 (Comm'r Educ. 1996), *aff'd on other grounds*, 57 S.W.3d 646 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Here, the decision, including findings of fact and conclusions of law, was "announced" on September 26, 2012, within ten days of the September 20 section 21.258 meeting.

Second, if the board makes changes to or rejects any of the hearing examiner's findings, conclusions, or recommendations, the board is required to state in writing its reasons and the legal bases for the changes or rejections. *See* TEX. EDUC. CODE ANN. § 21.259(d). In a previous decision, the Commissioner held that there is no statutory deadline for producing the written statement of reasons, and declined to impose one. *Goodie*, Docket No. 002-R2-996. However, the Commissioner held in *Goodie* that the board could not wait until after the teacher's petition for review was due to produce the written statement. *Id.* In this case, the Commissioner again declined to impose a deadline, concluding only that the written statement must be produced within "a reasonable time." The Commissioner found that a written transcript of the board's September 26 meeting, including its reasons and legal bases for changing the hearing examiner's recommendations was available to Ruiz on or before October 3, and that a copy was received by

Ruiz's attorney on October 4, twelve days before the petition for review was due. The Commissioner held the District "produced a writing of its reason and legal basis within a reasonable timeframe" and complied with section 21.259(d).

Ruiz argues that section 21.259 requires that both the decision and the reasons for changes to the hearing examiner's recommendations must be made in writing and communicated to the educator within ten days of the section 21.258 meeting. Ruiz contends that the plain language of the statute requires the written statement be provided to the educator within ten days and that her interpretation of the statute is the only logical one that protects the educator's right to a meaningful appeal. She poses various scenarios in which a district fails to notify the educator of the orally announced decision or fails to make the written statement available until the day before the appeal is due, thus precluding a meaningful appeal. However, Ruiz does not argue that there was any unreasonable delay in this case or that her ability to appeal was prejudiced by any delay.

"Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993). We should defer to the "Commissioner's reasonable determination in an area where he possesses considerable authority and expertise." *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994). We agree with the Commissioner and the District that the Commissioners' interpretation of the requirements of section 21.259 is reasonable and is consistent with the language of the statute. We hold the Commissioner did not err in concluding that the board timely announced its decision by doing so orally at the September 26 meeting. We also hold the Commissioner's ruling that the board timely made a written statement of the reasons and legal bases for its changes to the hearing examiner's findings, conclusions, and recommendation is supported by substantial evidence and is not legally erroneous.

**Good Cause to Terminate Contract**

The District has the authority to terminate a teacher's[2] term contract at any time for good cause as determined by its board of trustees. TEX. EDUC. CODE ANN. § 21.211(a)(1) (West 2012). Whether good cause to terminate a teacher's term contract exists is a conclusion of law. *Id.* § 21.257(a-1).

The District's Board Policy FFG (LEGAL) provides that a professional "who has cause to believe that a child has been or may be abused or neglected shall" report the matter to a law enforcement agency or to the Texas Department of Family and Protective Services[3] no later than forty-eight hours of "learning of the facts giving rise to the suspicion." The policy provides that failure to report as required may subject an employee to disciplinary action, including termination of employment.

The hearing examiner found that Ruiz "did not believe abuse or neglect had occurred" and therefore "did not believe it necessary to contact the police regarding the incident." However, the hearing examiner recognized that the District's policy requires a teacher to make a report if she has "cause to believe" that "abuse or neglect has occurred or may occur," and concluded that Ruiz violated the policy by failing to report the incident. This conclusion was adopted by the District's board and by the Commissioner, and is the basis for their conclusion that there was good cause to terminate Ruiz's contract.

Ruiz argues the conclusion is not supported by substantial evidence because it contradicts the hearing examiner's unchallenged finding of fact that she "did not believe abuse … had occurred." We disagree. Neither the District's policy nor the state law to which it refers limits the

---

[2] As relevant to this appeal, the term "teacher" includes counselors such as Ruiz. *See* TEX. EDUC. CODE ANN. § 21.201(1) (West 2012).

[3] Formerly Child Protective Services.

reporting requirement to situations in which the teacher has formed an actual, subjective belief that abuse or neglect has occurred. *See* TEX. FAM. CODE ANN. § 261.101 (West 2014); *White v. State*, 50 S.W.3d 31, 47 (Tex. App.—Waco 2001, pet. ref'd) (stating that person "has cause to believe" within meaning of statute if she has knowledge of facts that give her sufficient reason to believe abuse has occurred). Further, the policy and state law require a teacher to report if she has cause to believe abuse *may occur* in the future. *See* TEX. FAM. CODE ANN. § 261.101(b). Thus, a finding that Ruiz did not subjectively believe abuse had occurred in the past does not contradict and is not inconsistent with Ruiz having had cause to believe abuse may occur in the future.

We further agree with appellants that the conclusion Ruiz violated board policy by failing to report the text messages is supported by substantial evidence and the hearing examiner's findings. The reporting policy was violated if Ruiz had knowledge of facts giving her sufficient reason to believe that abuse may occur. The hearing examiner's findings reflect that Ruiz was aware of the inappropriate and sexually explicit communications between A.C. and the adult professional, Reyes. Ruiz had been properly trained to recognize and report signs of potential abuse. Ruiz and her husband met with Reyes the day of the discovery and expressly forbade further communication between Reyes and A.C. unless specifically about music. Soon thereafter, Ruiz removed A.C. from Reyes' mariachi group altogether. These facts support the conclusions that Ruiz recognized the risk of allowing Reyes to have continued contact with A.C. and that Ruiz had cause to believe abuse may occur if contact continued. Nevertheless, Ruiz did not report the incident to authorities. The hearing examiner found Ruiz's failure to report allowed Reyes to continue to serve as a substitute teacher for the District and as an after school mariachi instructor until the matter was ultimately reported, over a month after Ruiz discovered the texts. The examiner also found this delay in reporting could have endangered other students. We hold the

hearing examiner's conclusion, adopted by the board and by the Commissioner, that Ruiz violated Board Policy FFG (Legal) is supported by substantial evidence.

The school board retains the authority to make the ultimate determination of whether board policy has been violated and whether the violation is good cause to terminate a contract. *See* TEX. EDUC. CODE ANN. § 21.211(a)(1); *Davis*, 34 S.W.3d at 565. Board Policy FFG notifies employees that failure to report as required by the policy will subject them to discipline, including possible termination of their employment. Here, the Commissioner concluded that Ruiz's inaction placed students at risk and that this constituted good cause for the District to terminate her contract. The conclusion is supported by substantial evidence and is not legally erroneous.

Finally, Ruiz challenged the Commissioner's conclusion that the decision to terminate her contract was not arbitrary and capricious. We agree with appellants that, although we are bound by the hearing examiner's findings of fact that are supported by substantial evidence, the hearing examiner's "findings" about which similarities and differences in Price's and Ruiz's conduct and circumstances are relevant to their discipline are conclusions of law, as is the ultimate conclusion of whether the decision to terminate Ruiz's contract was arbitrary and capricious.

An agency decision is arbitrary and capricious if it fails to "manifest[s] a rational connection to the facts," *see Oncor Elec. Delivery Co. v. Pub. Util. Comm'n of Tex.*, 406 S.W.3d 253, 265 (Tex. App.—Austin 2013, no pet.), or if the agency did not "genuinely engage[] in reasoned decision-making." *See Webworld Mktg. Grp., L.L.C. v. Thomas*, 249 S.W.3d 19, 25 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also City of El Paso v. Pub. Util. Comm'n of Tex.*, 883 S.W.2d 179, 184 (Tex. 1994) (holding one of the ways in which an agency's decision may be arbitrary and capricious is if the agency reaches a "completely unreasonable result," even after properly considering legislatively mandated factors).

The Commissioner found that the District's compelling interest in protecting student safety takes precedence over any interest in ensuring that similarly situated employees are similarly disciplined:

> Assuming without finding that Respondent failed to take contract action against a teacher in the exact same circumstances as Petitioner, the contract termination would stand. When the safety of children is at risk, a contract termination will not be overturned because a school district failed to take action against a teacher who was in similar circumstances. A school district will not be required to employ a teacher who fails to safeguard students.

The Commissioner concluded that the District's decision to terminate Ruiz's contract was not arbitrary and capricious because the District could not be forced to continue to employ someone who had failed to report a potential child abuse matter in violation of board policy. This rationale manifests a rational connection to the facts and reflects reasoned decision-making. We conclude the Commissioner did not err in concluding the District board's decision was not arbitrary and capricious.[4]

## CONCLUSION

Because we hold the Commissioner's decision is supported by substantial evidence and is not based on erroneous conclusions of law, there is no basis for reversing the Commissioner's decision. We therefore reverse the district court's judgment and render judgment affirming the Commissioner's decision.

Luz Elena D. Chapa, Justice

---

[4] We also note that, unlike Price, Ruiz proactively removed her own child from contact with Reyes after learning of the text messages, while failing to alert authorities to the risk Reyes posed to other students. The District's board reasonably could have concluded that this merited harsher discipline.