**Affirmed and Opinion filed November 16, 2023.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00418-CV

## KLEIN INDEPENDENT SCHOOL DISTRICT AND MIKE MORATH, TEXAS COMMISSIONER OF EDUCATION, Appellants

**V.**

## ALANA SISK, Appellee

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-03126**

## O P I N I O N

Klein Independent School District (KISD) terminated Alana Sisk's continuing teaching contract, and Texas Commissioner of Education Mike Morath affirmed the decision. On further review, the district court reversed the Commissioner's affirmance and remanded the case to the Commissioner.[1] Because substantial

---

[1] Upon reversal, the Commissioner must order the "order the school district to reinstate the teacher and to pay the teacher any back pay and employment benefits from the time of discharge or suspension to reinstatement." TEX. EDUC. CODE § 21.304(e). The school district may instead

evidence was not presented that Sisk failed "to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts in this state,"[2] we affirm the district court's judgment.

## I. FACTS

In the spring of 2018, McDougal Elementary School teacher Alana Sisk proctored the administration of the STAAR Reading Test, the STAAR Reading Retest, and the STAAR Math Retest for fifth-grade students allowed to take the test orally based on evidence of reading deficiencies, limited English proficiency, or "Section 504 or Special Education accommodations."

The students to whom Sisk administered STAAR tests had testing accommodations that included a "whisper phone," a C-shaped PVC tube into which students could whisper test questions or answers and hear the whispered words without disturbing other students. A whisper phone, dictionary, and scratch paper were available on each student's desk. Many of the students also had accommodations that included "Individualized Structured Reminders" or "Reminders to Stay on Task," and test administrators were permitted to "remind students to stay focused" or to "encourage students to stay on task"; however, the school's STAAR testing procedures state that "[r]einforcing, reviewing, and/or distributing testing strategies during an assessment is strictly prohibited."

In the school year following Sisk's oral administration of the STAAR tests, the school district investigated possible testing "irregularities." Sisk met with KISD's Executive Director of Human Resources Martha Werner and KISD's

---

"pay the teacher one year's salary to which the teacher would have been entitled from the date on which the teacher would have been reinstated." *Id.* § 21.304(f).

[2] *See id.* § 21.156(a).

2

Director of Assessment & Accountability Stacy Kindsfather. Sisk later described the meeting as follows in her testimony before the independent hearing examiner:

> I volunteered that I had been reflecting and wracking my brain trying to think of anything that I may have done that was improper. And I told Ms. Werner and [Kindsfather] that during actual testing, my students had their allowable accommodations on their desks. And if I noticed a student that was off task, daydreaming, playing with their shoes, whatever, that I would pick up the whisper phone, for example, and – without saying anything and hand it to the student as a non-verbal reminder to stay on task because the students I tested in small group they were very – they were easily distracted.

Ms. Werner similarly testified:

> [Sisk] did remember that she did give students looks if she thought they weren't using their strategies. She also did say that she picked up a whisper phone and handed it to a student. Did not make any verbal commentary, but did hand the whisper phone to the student who wasn't using it.
>
> Q:     So what was your opinion of what she told you?
>
> A.     So I felt like when you hand a student an accommodation, while not verbally telling a student to utilize the conversation [sic], the handing of that accommodation is an indirect method of telling them to use that accommodation.

At the meeting with Werner and Kindsfather, Sisk was told she was placed on administrative leave.

On the recommendation of KISD's Superintendent Dr. Bret A. Champion, KISD's Board of Trustees proposed terminating Sisk's contract for good cause. Sisk's attorneys wrote to the Board and to Commissioner Mike Morath of the Texas Education Agency (TEA) to request a hearing by an independent hearing examiner (IHE). The case was heard by IHE Peter Thompson. Thompson's formal Recommendations included the following statements, labeled as findings of fact:

94. Petitioner has not established that Respondent provided unauthorized assistance to any students during the 2018 STARR testing.

. . .

96. Petitioner has not established that Respondent violated KISD Board Policies, state law, or ethical standards, including Standards 1.1, 1.6, 1.7, 1.10, 3.2, and 3.3 of the Educator's Code of Ethics.

97. Petitioner has not established that good cause exists to terminate Respondent's continuing contract.

In the "Discussion" section of his recommendations, the IHE additionally stated that KISD "has not met its burden of establishing good cause to terminate [Sisk's] contract."

The Board voted unanimously to make changes to the IHE's recommendations by deleting the word "not" from each of the quoted statements. The Board then terminated Sisk's employment.

Sisk appealed the Board's decision to Commissioner of Education Mike Morath, who held that KISD met its burden to establish that good cause existed to terminate Sisk's contract.

Sisk then appealed to the 11th District Court, who reversed the Commissioner's decision and remanded the case. KISD and the Commissioner appeal.

## II. STANDARD OF REVIEW

The board of trustees may adopt, reject or change an IHE's conclusions of law, including the IHE's determination concerning good cause for termination; however, the board can reject or change the IHE's factual findings "only after reviewing the record of the proceedings before the hearing examiner and only if the finding of fact is not supported by substantial evidence." TEX. EDUC. CODE

§ 21.259(b), (c). As used here, "substantial evidence" means "more than a mere scintilla." *Goodie v. Houston Indep. Sch. Dist.*, 57 S.W.3d 646, 650 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). Whether substantial evidence exists is a question of law. *Miller v. Houston Indep. Sch. Dist.*, 51 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000)). Although the school board can reject or modify the IHE's findings of fact, the board is not authorized to find facts in addition to those found by the IHE. *Davis*, 34 S.W.3d at 564.

The Commissioner of Education reviews the school board's decision by measuring the evidence against the IHE's fact findings to see if substantial evidence supports the findings. *Miller*, 51 S.W.3d at 681. If so, then the board erred in determining otherwise.

On further review, the district court and the appellate court focus on the Commissioner's decision, which may not be reversed unless the decision is unsupported by substantial evidence or unless the Commissioner's conclusions of law are incorrect. *See* TEX. EDUC. CODE § 21.307(f); *N. E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020); *Goodie*, 57 S.W.3d at 650. Specifically, the courts review the Commissioner's legal conclusion "that the board correctly found substantial evidence did not support the examiner's fact findings." *Miller*, 51 S.W.3d at 681.

"Review under the substantial-evidence rule is highly deferential—the issue is not whether the agency's decision is correct, but whether the record demonstrates a reasonable basis for it." *Riou*, 598 S.W.3d at 251. "[A] reviewing court is not bound by the agency's reasons for its decision when a valid basis exists for the action taken." *Id.* On questions of law, however, decisions of the courts and agencies below

5

are not entitled to deference. *See Tex. Dep't of Pub. Safety v. Alford*, 209 S.W.3d 101, 103 (Tex. 2006) (per curiam).

### III. LACK OF SUBSTANTIAL EVIDENCE OF GOOD CAUSE

"Good cause for termination" is a conclusion of law that the board of trustees is free to adopt, reject, or change. TEX. EDUC. CODE § 21.259(b)(1). The evidence required to establish good cause differs depending on the type of contract the teacher has. If the teacher has a term contract for a fixed period of time,[3] the board may terminate the teacher's contract for "good cause as determined by the board." *Id.* § 21.211(a)(1). But if the school district employs the teacher under a continuing contract, then the board may terminate the contract "for good cause as determined by the board of trustees, good cause being the failure to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts in this state." *Id.* § 21.156(a). Such generally applicable standards may be imposed by state or federal laws or regulations. To terminate a teacher's continuing contract for reasons unrelated to such generally applicable legal sources, the "good cause" determination must be based on evidence of the generally accepted standards in similarly situated school districts. *Riou*, 598 S.W.3d at 254.

Here, such evidence is lacking. KISD and the Commissioner assert that Sisk violated a generally applicable law or regulation but they have not identified the law or regulation on which they rely. KISD asserts that "[r]egulations from the Texas Education Agency . . . make it clear that the distribution of testing strategies during testing administration is a serious testing irregularity," but they cite no such regulations. KISD instead cites pages from its "2018 Texas Student Assessment Program Coordinator Manual" and its "2018 Campus Test Administrator Training,"

---

[3] *See* TEX. EDUC. CODE § 21.201(c) (defining "term contract").

6

neither of which cite a law or regulation as the source of the statement that "[r]einforcing, reviewing for, or distributing testing strategies during an assessment is strictly prohibited." KISD and the Commissioner also cite no law or regulation under which the use of a whisper phone is treated as a "testing strategy."

Moreover, the manuals on which they rely refer to "testing strategies," "accommodations," and "accessibility features" without expressly defining these terms. At the hearing, both KISD and Sisk referred to a whisper phone as an "accommodation," and the 2018 Campus Test Administrator Training manual contains a page with the heading "Accommodations Reminders," followed by the bullet point "[m]ust be individualized to address the specific needs of each student." The same manual similarly includes a child's access to "[t]ools that minimize distractions"—such as a tool that would allow a child to "[r]ead test aloud to self" without disturbing others—among "Accessibility Features" rather than "testing strategies."

Having failed to show that Sisk violated accepted standards imposed by a generally applicable law or regulation, KISD was required to produce evidence of generally accepted standards in similarly situated school districts. Here, too, the evidence falls short. Although Werner testified that Sisk's conduct constituted good cause for termination, and that she, Werner, would have reached the same decision in her prior position as Leander Independent School District's senior director of elementary staffing and employee relations, there is no evidence that Leander ISD is a "similarly situated school district."

## IV. CONCLUSION

In affirming the Board's decision to terminate Sisk, the Commissioner reasoned that "school districts authoritatively interpret their own policies" and "determinations regarding good cause are conclusions of law that school districts

7

have significant authority to change." But although this might support termination of a term contract, good cause for terminating a continuing contract requires more.

We overrule the issues presented. Because the record lacked substantial evidence supporting the Commissioner's decision to uphold KISD's board's termination of Sisk's continuing teaching contract, we affirm the district court's judgment reversing that decision and remanding the case to the Commissioner for further action consistent with, and pursuant to, Texas Education Code section 21.304(e) and (f).


/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.